**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:23-CR-32 (TNM)** |
| | : | |
| **VICTOR SEAN DENNISON** | : | |
| | : | |
| **Defendant.** | : | |

<u>**UNITED STATES' PROPOSED JURY INSTRUCTIONS AND VOIR DIRE**</u>

The United States submits the attached proposed voir dire questions and jury instructions. The government has endeavored to contact the defendant by phone and mail to seek his comment on a draft of these questions and instructions; he has not responded.  Except for the specific proposed instructions for the four charged offenses, unless otherwise indicated, all instructions are from Criminal Jury Instructions for the District of Columbia (the "Redbook").

Respectfully submitted,

DATED: May 22, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel, detailed to the
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

Elizabeth N. Eriksen
VA Bar No. 72399
Trial Attorney, detailed to
U.S. Attorney's Office
601 D Street, NW
Washington, DC 20001
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

# Table of Contents

Proposed Voir Dire Questions .............................................................................................. 5

 I.  Joint Statement of the Case to Read to Prospective Jurors ................................ 5

 II.  General Questions ............................................................................................. 5

 III. Questions Involving Publicity and Predisposition Due to Nature of Case ...................... 5

 IV. Knowledge of The Participants....................................................................... 7

 V.  Legal Concepts................................................................................................. 7

 VI. Familiarity With News and Social Media ....................................................... 8

 VII. Questions About Current Events ..................................................................... 8

 VIII. Questions Regarding Relationship with Criminal Justice System................................. 9

 IX. Prior Jury Service or Appearance as Witness ................................................ 10

 X.  Roles of the Court and Final Questions ......................................................... 10

Proposed Jury Instructions .................................................................................................. 12

 I.  Instructions Before Trial ............................................................................... 12

  a. 1.101 Introduction And Voir Dire ............................................................... 12

  b. 1.105A Notetaking by Jurors ...................................................................... 13

  c. 1.111 Defendant's Self-Representation ........................................................ 14

 II.  Instructions After Trial ................................................................................. 14

  a. 2.100 Furnishing the Jury with a Copy of the Instructions............................. 14

  b. 2.101 Function of the Court ...................................................................... 15

  c. 2.102 Function of the Jury ....................................................................... 15

  d. 2.103 Jury's Recollection Controls ............................................................ 16

  e. 2.105 Statements of Counsel..................................................................... 16

  f. 2.106 Indictment Not Evidence ................................................................. 16

  g. 2.107 Burden of Proof—Presumption of Innocence..................................... 16

  h. 2.108 Reasonable Doubt .......................................................................... 16

  i. 2.109 Direct and Circumstantial Evidence .................................................. 17

  j. 2.110 Nature of Charges Not to Be Considered ........................................... 18

  k. 2.111 Number of Witnesses ...................................................................... 18

  l. 2.112 Inadmissible and Stricken Evidence .................................................. 18

  m. 2.200 Credibility of Witnesses................................................................... 19

  n. 2.207 Police Officer's Testimony ............................................................... 20

  o. 2.208 Right of Defendant Not to Testify ..................................................... 21

p.   2.209 Defendant as Witness ........................................................................... 21

q.   2.216 Evaluation of Prior Inconsistent Statement of a Witness.................... 21

r.   2.217 Evaluation of Prior Consistent Statement of a Witness ...................... 22

s.   2.305 Statements of The Defendant—Substantive Evidence ........................ 23

t.   2.402 Multiple Counts—One Defendant ...................................................... 23

u.   2.405 Unanimity ........................................................................................... 24

v.   2.407 Verdict Form Explanation................................................................... 24

w.   2.501 Exhibits During Deliberations ............................................................ 24

x.   2.502 Selection of Foreperson ..................................................................... 24

y.   2.505 Possible Punishment Not Relevant ..................................................... 25

z.   2.508 Cautionary Instruction on Publicity, Communication, and Research................. 25

aa.  2.509 Communication Between Court and Jury During Jury's Deliberations ............. 26

bb.  2.510 Attitude and Conduct of Jurors in Deliberations .................................. 26

cc.  2.511 Excusing Alternate Jurors ................................................................... 26

dd.  3.101 Proof of State of Mind ....................................................................... 27

ee.  1.105B Notetaking by Jurors .................................................................... 28

III.   Elements Of Crimes Alleged ....................................................................... 28

a.   Count One: 18 U.S.C. § 1752(a)(1) ............................................................. 28

b.   Count Two: 18 U.S.C. § 1752(a)(2) ............................................................ 29

c.   Count Three: 40 U.S.C. § 5104(e)(2)(D) .................................................... 29

d.   Count Four: 40 U.S.C. § 5104(e)(2)(G)....................................................... 30

## Proposed Voir Dire Questions

I.     **Joint Statement of the Case to Read to Prospective Jurors**

The United States has charged the defendant in connection with events which occurred at the United States Capitol on January 6, 2021.  Count One charges the defendant with entering or remaining in a restricted building or grounds.  Count Two charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.  Count Three charges the defendant with disorderly or disruptive conduct in a Capitol building or grounds.  Count Four charges the defendant with parading, demonstrating, or picketing in a Capitol Building.

II.    **General Questions**

1. Do you have any difficulty speaking, reading, writing, or understanding the English language?

2. Do you have any vision or hearing issues, or any other physical, health, or medical conditions, that might interfere with your ability to hear or understand what the witnesses say, to view exhibits and photographs, or to give this trial your full attention?

3. Do you live outside of the District of Columbia?

4. Did you graduate high school?  If yes, did you attend college?  If yes, did you graduate college?  If yes, did you go to graduate school?  If yes, did you complete it?

5. Are you employed?

III.   **Questions Involving Publicity and Predisposition Due to Nature of Case**

6. Do you know or are you acquainted with the defendant in this case, Victor Sean Dennison?

7. Have you seen or heard anything in the news or elsewhere about Mr. Dennison?

8. Do you live or work at or near the U.S. Capitol building or its grounds?  Did you on January 6, 2021?

9.  Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

10. If you answered "yes" to the previous question, would you describe yourself as having closely followed the news related to the events at the U.S. Capitol on January 6, 2021?

11. Have you watched any of the January 6 Commission Hearings?

12. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

13. Were you, your family, or your close friends affected by the events at the U.S. Capitol on January 6, 2021, or the response?

14. Some people have strong feelings – both positive and negative – about the events that occurred on January 6, 2021. Do you believe that you can sit fairly and impartially in a case in which a defendant is charged with unlawfully entering the Capitol that day?

15. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the criminal cases arising from the events at the U.S. Capitol on January 6, 2021, that would make it hard for you to be a fair and impartial juror in this case?

16. Have you seen, heard, or followed anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

17. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case?

18. Do any of you believe that the 2020 presidential election was stolen, corrupt, or fraudulent?

**IV.     Knowledge of The Participants**

19. The government is represented in this case by Special Counsel Brendan Ballou, Trial Attorney Elizabeth Eriksen, and paralegal Dan Haines. (Please have them stand and introduce themselves.)  Do you know Mr. Ballou, Ms. Eriksen, or Mr. Haines?

20. Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia?

21. Does anyone have any opinions about prosecutors or defense attorneys that might affect your ability to serve as a fair and impartial juror?

22. (Introduce courtroom personnel.)  Do you know or are you acquainted with any of these individuals?

23. The following individuals may be called as witnesses or mentioned by name in this case. Do you recognize any of the following names? (Read list of names).

24. There are many people on this jury panel.  Do you recognize another member of the panel as being a relative, close friend, or associate?

**V.     Legal Concepts**

25. Does anyone believe that because Mr. Dennison was charged, he is probably guilty?

26. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant.  The defendant is presumed innocent unless the government meets that burden, and he has no obligation to offer his own defense.  Would anyone have any difficulty or hesitation with respecting this allocation of the burden of proof?

27. The government is not required to prove its case to a mathematical certainty or prove guilt beyond all doubt.  Would anyone of you require proof to a mathematical certainty or proof of guilt beyond all doubt?

28. All defendants have a constitutional right not to testify, and if Mr. Dennison decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

29. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

## VI.   Familiarity With News and Social Media

30. Do you check the news daily, whether via newspaper, television, the Internet, or another source?

31. Do you use social media?

32. Have you attended a protest, rally, or demonstration in the last 6 years? Did you observe law enforcement present at it? Did you interact with law enforcement officers there?

## VII.   Questions About Current Events

33. Are you familiar with the term "sovereign citizen?"

34. If the defendant subscribed to or followed this ideology, would it prevent you from serving as a fair and impartial juror in this case?

35. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media

sites or anywhere else on the Internet.  Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

## VIII.  Questions Regarding Relationship with Criminal Justice System

36. Do you work for any law enforcement agency or do you have any close friends or family that work in law enforcement?  This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, the U.S. Capitol Police, and the National Guard.  It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

37. I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give neither greater nor lesser weight to the testimony of a witness simply because that witness is a police officer.  Do you have such strong feelings or opinions about law enforcement officers, either positive or negative, that it would be difficult for you to be an impartial juror in a case involving testimony from law enforcement officers?

38. Do you, a family member, or close friend work for the legislative branch of the United States?

39. Has anyone in this group ever attended law school, worked as a lawyer, worked as a paralegal, or otherwise worked in a law office?  Have any members of your immediate family or close personal friends done so?

40. Has anyone in this group ever been arrested for, charged with, or convicted of a crime, other than traffic violations?  Have any members of your immediate family or close personal friends?

41. If yes, do you believe the justice system treated you (or your family member or friend) fairly?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

42. Has anyone in this group ever been the victim of or witness to a crime?  Have any members of your immediate family or close personal friends?  If yes, do you believe the justice system treated you (or your family member or friend) fairly?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

**IX.     Prior Jury Service or Appearance as Witness**

43. Have you ever served as a grand juror in either state or federal court?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

44. Have you ever served as a trial juror in a criminal or civil case?  If so, did the jury reach a verdict?  Were you the foreperson?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

45. Have you ever appeared as a witness in either state or federal court?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

**X.     Roles of the Court and Final Questions**

46. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment.  The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any.  Would you have

difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose?

47. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case?

48. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

49. We expect the presentation of evidence in this case to conclude this week. After the close of evidence, the jury will deliberate until it reaches a decision. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

50. My final question is a catchall question. Are there any other reasons that I have not asked about that make you unable to sit fairly, impartially, and attentively as a juror in this case?

**Proposed Jury Instructions**

I.      **Instructions Before Trial**

        a.      **1.101 Introduction And Voir Dire**

Good [morning] [afternoon], ladies and gentlemen, and welcome to courtroom [].  I am Judge McFadden, and I will be the presiding judge in this case.  You have been called to this courtroom for possible selection in a criminal case entitled *United States v. Victor Sean Dennison*, 1:23-CR-32.

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed.  [Oath given.]

The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward either side in the case.  In short, it is our aim to select a jury that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you.  During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury.  You, of course, are bound by the oath you've just taken to truthfully answer those questions.

[If index cards are used] You all should now have an index card and a pen or pencil.  Please look at your juror badge and write the last three digits from your badge in the upper right-hand corner of your index card.  I am now going to ask you a series of [give number] questions.  They are all yes/no questions.  If you have a "yes" answer to a particular question, please write the number of the question on your card.  Don't write "yes" or why you have a "yes" answer; just write the number.  I will then bring each of you to the bench and put this husher on.  You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions.  We do this at the bench to preserve your privacy.

[If topic sheets are used] You all should now have a topic sheet and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right-hand corner of your topic sheet.  I am now going to ask you the series of [give number] questions on your sheet.  They are all yes/no questions.  If you have a "yes" answer to a particular question, please circle the number of the question on your sheet.  Don't write "yes" or why you have a "yes" answer; just circle the number.  I will then bring each of you to the bench and put this husher on.  You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions.  We do this at the bench to preserve your privacy.

We're going to be asking what may appear to you to be some personal questions in an attempt to get your viewpoint about things, and it is important that you be entirely straightforward with us in your responses so that we may more easily select the jury for this case.

[Read questions.]

**b.        1.105A Notetaking by Jurors**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  That is because I permit jurors to take notes during trial if they wish.  Whether you take notes or not is entirely up to you.  Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations.  You should remember, however, that your notes are only an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight.  You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed.  No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

### c.      1.111 Defendant's Self-Representation

Mr. Dennison has the constitutional right to choose not to have counsel and to represent himself.  You are to draw no inference whatsoever from the defendant's decision to represent himself.

Because Mr. Dennison has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of witnesses, make objections, and argue to the court. I want to remind you that when Mr. Dennison speaks in these parts of the trial, he is acting as a lawyer in this case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.[1]

## II.    Instructions After Trial

### a.      2.100 Furnishing the Jury with a Copy of the Instructions

I will provide you with a [copy] [tape] of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may [refer] [listen] to any particular portion of the instructions, you are to consider the instructions as a whole and you may not

---

[1] This paragraph is adapted from the Third Circuit Model Jury Instructions, Criminal, Preliminary Instruction No. 1.18 (2021), in order to clarify that Mr. Dennison's statements, when not under oath, do not constitute evidence.

follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

**b.     2.101 Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

**c.     2.102 Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic.  You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

15

**d.      2.103 Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own

memory of the evidence, it is your memory that should control during your deliberations.

**e.      2.105 Statements of Counsel**

The statements and arguments of the lawyers are not evidence.  They are only intended to

assist you in understanding the evidence.  Similarly, the questions of the lawyers are not

evidence.

**f.      2.106 Indictment Not Evidence**

The information is merely the formal way of accusing a person of a crime. You must not

consider the information as evidence of any kind—you may not consider it as any evidence of

Mr. Dennison's guilt or draw any inference of guilt from it.

**g.      2.107 Burden of Proof—Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent.  This presumption of

innocence remains with the defendant throughout the trial unless and until the government has

proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.

The law does not require Mr. Dennison to prove his innocence or to produce any evidence at all.

If you find that the government has proven beyond a reasonable doubt every element of a

particular offense with which Mr. Dennison is charged, it is your duty to find him guilty of that

offense.  On the other hand, if you find the government has failed to prove any element of a

particular offense beyond a reasonable doubt, it is your duty to find Mr. Dennison not guilty.

**h.      2.108 Reasonable Doubt**

The government has the burden of proving Mr. Dennison guilty beyond a reasonable

doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in

some cases, that its truth is highly probable.  In criminal cases such as this one, the government's

proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

### i.      2.109 Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide

how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### j.      2.110 Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### k.      2.111 Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

### l.      2.112 Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should

ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

    **m.**    **2.200 Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later

recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### n.      2.207 Police Officer's Testimony

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

**o.      2.208 Right of Defendant Not to Testify**

Every defendant in a criminal case has an absolute right not to testify.  Mr. Dennison has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.

**p.      2.209 Defendant as Witness**

A defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**q.      2.216 Evaluation of Prior Inconsistent Statement of a Witness**

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made.  I will now explain how you should evaluate those statements.

*PART A (for use when prior statements not made under oath are introduced):*

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

*PART B (for use when prior statements made under oath are introduced):*

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

*PART C (for use when prior identification statements are used to impeach a witness):*

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description].  It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it.  If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness].  You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

**r.      2.217 Evaluation of Prior Consistent Statement of a Witness**

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.  This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case].  If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**s.    2.305 Statements of The Defendant—Substantive Evidence**

You have heard evidence that Mr. Dennison made statements to the police about the crime charged.  You should consider all the circumstances, including whether the police recorded the statement, in deciding whether he made the statement.  If you find that he did make the statement, you must decide how much weight to give the statement.  For example, you may consider whether he made the statement voluntarily and understood what he was saying.  You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement.  You may consider all the conversations between him and the police.  You may consider whether the police warned him of his rights.  You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the police recorded some or all of the conversations.  You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

**t.    2.402 Multiple Counts—One Defendant**

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

### u.    2.405 Unanimity

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

### v.    2.407 Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

### w.    2.501 Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdict(s).  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

[If you wish to [see] [hear] those portions of [describe recordings] which I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.]

### x.    2.502 Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.

Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

   **y.**  **2.505 Possible Punishment Not Relevant**

   The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

   **z.**  **2.508 Cautionary Instruction on Publicity, Communication, and Research**

   I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

   As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

### aa.      2.509 Communication Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion— whether the vote is for conviction or acquittal or on any other issue in the case.

### bb.      2.510 Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

### cc.      2.511 Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected [two] [insert other number as appropriate] seats to be the alternate

seats before any of you entered the courtroom.  Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you [two] [insert other number as appropriate] leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk.  I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet.  In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**dd.     3.101 Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.  You may consider any statement made or acts done by Mr. Dennison, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Dennison acted with the necessary state of mind.

### ee.      1.105B Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes.  You

may take your notebooks with you to the jury room and use them during your deliberations if

you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your

memory.  They are not evidence in the case, and they should not replace your own memory of

the evidence.  Those jurors who have not taken notes should rely on their own memory of the

evidence.  The notes are intended to be for the notetaker's own personal use.

## III.   Elements Of Crimes Alleged

### a.      Count One: 18 U.S.C. § 1752(a)(1)

Count One of the Information charges the defendant with entering or remaining in a

restricted building or grounds, which is a violation of federal law.  I am going to instruct you on

this charge and explain the various elements that you must consider.  In order to find the

defendant guilty of this offense, you must find that the government proved each of the following

elements beyond a reasonable doubt:

1.      First, the defendant entered or remained in a restricted building or grounds without

lawful authority to do so; and

2.      Second, the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise

restricted area of a building or grounds where a person protected by the Secret Service is or will

be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the

immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of

his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the

defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

**b.      Count Two: 18 U.S.C. § 1752(a)(2)**

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.  I am going to instruct you on this charge and explain the various elements that you must consider.  In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.    First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2.    Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3.    Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

**c.      Count Three: 40 U.S.C. § 5104(e)(2)(D)**

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol building or grounds, which is a violation of federal law.  In order to find the

defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol buildings or grounds;

2.  Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3.  Third, the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning described in the instruction for Count One.

**d.    Count Four: 40 U.S.C. § 5104(e)(2)(G)**

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.  In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings;

2.  Second, the defendant acted willfully and knowingly.

30

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[2]

The terms "United States Capitol Buildings" has the same meaning described in the instructions for Count Three.  The terms "knowingly," and "willfully" have the same meanings as described in the instructions for Counts One and Three respectively.

---

[2] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).