UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:23-CR-32 (TNM) |
| : | |
| VICTOR SEAN DENNISON, : | |
| : | |
| Defendant. : | |

### MOTION TO TERMINATE PRO SE REPRESENTATION

Victor Sean Dennison was arrested last year for his actions at the Capitol on January 6, 2021. Dennison's trial was scheduled for June 5, 2023, but in the lead-up to trial, Dennison—who represented himself at the time, with standby counsel—did not reply to any of the government's motions, and on the day of trial, failed to appear. A bench warrant was issued for his arrest, and a ten-month effort to apprehend him ensued. Dennison was re-arrested in April of this year, and his trial is set for August. The question now is whether Dennison should be allowed to continue to represent himself. He should not.

In general, "[a] criminal defendant has a right under the Sixth Amendment to the United States Constitution to conduct his own defense." *United States v. Williamson* 14-CR-151 (RMC), 2014 WL 12695379, at *5 (D.D.C. Oct. 16, 2014) (citing *Faretta v. California*, 422 U.S. 806 (1975)). But "[t]here is an important caveat to right of self-representation: a trial judge may terminate a defendant's self-representation if the defendant 'deliberately engages in serious and obstructionist misconduct.'" *Id.* (quoting *Faretta*, 422 U.S. at 834 n.46).

Dennison has repeatedly engaged in serious and obstructionist misconduct. Most obviously, Dennison chose not to attend his own trial, and fled from capture for nearly a year. Dennison has also obstructed nearly every hearing he has been a part of in this case. On February 17, 2023, for instance, Dennison was scheduled to be arraigned, but was so disruptive that he had

1

to be detained for several days.  Then, after failing to appear for his jury trial in June 2023 and actively attempting to evade law enforcement, on May 29, 2024, Dennison again had to be removed from the courtroom during his arraignment on the superseding criminal information because he would not listen or respond to the Court.  Whether in-person or via Zoom, Dennison has repeatedly interrupted the Court and slowed—or stopped—the proceedings.

In addition to his literal disruptions, Dennison has proven unwilling or unable to engage in his own legal proceedings.  He did not respond to the government's motions in limine or proposed jury instructions, nor did he file his own substantive motions or apparently prepare for trial.  What documents Dennison did file were incoherent.  In them, Dennison espoused "sovereign citizen"-style beliefs in which he claimed that this Court did not have authority over him.  Examples include:

- "The UNITED STATES is a legal fiction bringing an action against a living man.  The living man victor-sean: of the house and lineage of dennison bears witness that he is not a legal fiction, but is of flesh and blood.  Only a living man or woman can bring an accusation or claim against another living man or woman." ECF No. 29 at 8.

- "No lawful contract meeting the 8 elements has been brought forth.  victor-sean: of the house and lineage dennison has presented ample evidence of his standing and testifies to the fact he does not consent to being the surety for the legal fiction SEAN DENNISON." ECF No. 29 at 9.

- "Let it be known that I, victor sean of dennison, the living breathing man created by the most high God, beneficiary, trust protector, am not to be confused with the legal fiction known as VICTOR SEAN DENNISON trust." ECF No. 24 at 3.

2

- "I need to ask you, How can Judge McFadden lawfully issue forth a bench warrant after the court has already received, obtained and has custody of the surrendered legal person? And wouldn't any actions against the trust be a war crime? Are you trying to compel the beneficiary to put his life in danger?" ECF No. 23 at 1.

Dennison's repeated claims that he is not the person named in the Court filings and charging documents and his continued assertions that this Court has no sovereignty over him demonstrate that he cannot, or will not, respect its orders or procedures.

Dennison's behavior is nearly identical to that of other defendants whose pro se representations were terminated. In *United States v. Mosley*, for instance, the defendant echoed Dennison's "sovereign citizen"-type rhetoric, declaring that "I am a live and living, flesh and blood breathing man, who is a secured party who is sovereign. I am not a corporation." 607 F.3d 555, 557 (8th Cir. 2010). Like Dennison, Mosley refused to answer the Court's repeated questions, and spoke repeatedly and incoherently out of turn. The magistrate judge, in a decision affirmed by the Eighth Circuit, terminated Mosley's self-representation because he "either does not understand these proceedings or is not willing to participate in them." *Id.* (cleaned up).

In *United States v. Brock*, the situation was much the same. Like Dennison, Brock refused to answer the court's questions or cooperate in its proceedings. 159 F.3d 1077, 1080 (7th Cir. 1998). Brock made the same repetitive demands even after they were denied by the court and after he was cited for contempt. *Id.* "By refusing to answer the court's questions," the appellate court explained, "Brock made it extremely difficult for the court to move forward with its proceedings." *Id.* So it is here.

Finally, in *United States v. Hausa*, the court terminated the defendant's self-representation after "he hummed and screamed, and rambled incoherently; he cursed at the judge, declared him

3

an enemy and threatened to kill him." 922 F.3d 129, 136 (2d Cir. 2019).  Like Dennison, Hausa was repeatedly removed from pretrial proceedings because of his behavior.  *Id.*  And like Dennison, Hausa "prevented the court from assessing his purported waiver [of his right to counsel] by refusing to answer any questions meant to assess his understanding of the risks of self-representation.  *Id.* at 135.

   Dennison's behavior was consistent with those of other defendants whose pro se representations were terminated.  Yet merely maintaining standby counsel will be insufficient here.  Dennison has apparently refused to work with standby counsel, writing to her that he and she "have no valid contract.  You cannot represent a living man.  I'm a living man.  An attorney can only represent the dead."  Because he refuses to listen to, or work with, standby counsel, a mere advisory relationship will be useless.

Without counsel to represent him, Dennison will not engage with—or respect the authority of—this Court or its proceedings. He has shown no ability to, or interest in, engaging with the substance of his defense, whether it is filing motions, preparing for (or attending) trial, responding to the Court's questions, or following its commands. Absent legal representation, Dennison will at best disrupt the trial, and at worst, make it an impossibility. Moreover, permitting Dennison to continue to represent himself could severely distract the trier of fact from the legal issues pertinent to this case. Because Dennison has engaged in "serious and obstructionist misconduct" *Williamson*, 2014 WL 12695379, at *5, in every part of this case, he must be appointed counsel in order for his trial to occur.

Respectfully submitted,

DATED: June 6, 2024

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Brendan Ballou
Brendan Ballou
Special Counsel
DC Bar No. 241592
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

Elizabeth N. Eriksen
VA Bar No. 72399
Trial Attorney, detailed to
U.S. Attorney's Office
601 D Street, NW
Washington, DC 20001
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov