## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:23-CR-32 (TNM)** |
| | : | |
| **VICTOR SEAN DENNISON,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>PROPOSED JURY INSTRUCTIONS AND VOIR DIRE</u>

The United States submits the attached proposed voir dire questions and jury instructions. Aside from proposed additions by the defense, the voir dire questions are substantially unchanged from those the Court submitted to the parties on May 24, 2023, in advance of the original trial date.  The questions have been updated to account for the defendant's new charges and new representation, and to provide a brief statement of the case.  On both the questions and the proposed jury instructions, where the parties have disagreed, those disagreements are noted in footnotes.


Respectfully submitted,

DATED: August 19, 2024

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel, detailed to the
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

Elizabeth N. Eriksen
VA Bar No. 72399
Trial Attorney, detailed to
U.S. Attorney's Office
601 D Street, NW
Washington, DC 20001
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

## Table of Contents

Proposed Voir Dire Questions ........................................................................ 5

   I.   Introduction ............................................................................................ 5

   II.   Voir Dire Questions .............................................................................. 5

      a.  Public Questions ............................................................................ 6

      b.  Private Questions ........................................................................... 7

Proposed Jury Instructions After Trial ....................................................... 10

   I.   2.100 Furnishing the Jury with a Copy of the Instructions .................. 10

   II.   2.101 Function of the Court ................................................................ 10

   III.   2.102 Function of the Jury ................................................................. 10

   IV.   2.103 Jury's Recollection Controls .................................................. 11

   V.   2.105 Statements of Counsel ............................................................ 11

   VI.   1.105B Notetaking by Jurors ............................................................ 11

   VII.   2.106 Indictment Not Evidence ....................................................... 11

   VIII.   2.107 Burden of Proof—Presumption of Innocence ....................... 12

   IX.   2.108 Reasonable Doubt .................................................................. 12

   X.   2.109 Direct and Circumstantial Evidence ..................................... 13

   XI.   2.110 Nature of Charges Not to Be Considered .............................. 13

   XII.   2.111 Number of Witnesses ............................................................. 14

   XIII.   2.112 Inadmissible and Stricken Evidence ..................................... 14

   XIV.   2.200 Credibility of Witnesses ........................................................ 14

   XV.   2.207 Police Officer's Testimony .................................................... 16

   XVI.   2.208 Right of Defendant Not to Testify ......................................... 16

   XVII.   2.209 Defendant as Witness ............................................................ 16

   XVIII.  2.216 Evaluation of Prior Inconsistent Statement of a Witness ....... 17

   XIX.   2.217 Evaluation of Prior Consistent Statement of a Witness ......... 18

   XX.   2.305 Statements of The Defendant—Substantive Evidence .......... 18

   XXI.   2.402 Multiple Counts—One Defendant ......................................... 19

   XXII.   2.405 Unanimity ............................................................................... 19

   XXIII.  2.407 Verdict Form Explanation ...................................................... 19

   XXIV.  2.501 Exhibits During Deliberations ............................................... 19

   XXV.  3.101 Proof of State of Mind ........................................................... 20

   XXVI. Elements Of Crimes Alleged ......................................................... 20

a.   Count One: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) ................................................................................ 20

b.   Count Two: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) .......................................................... 22

c.   Count Three: Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) ............................................................................... 23

d.   Count Four: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) ........................................................................ 24

e.   Count Five: Failure to Appear, in violation of 18 U.S.C. § 3146(a)(1) ........................ 25

XXVII.   2.502 Selection of Foreperson ........................................................................ 26

XXVIII.   2.505 Possible Punishment Not Relevant ........................................................ 26

XXIX.   2.508 Cautionary Instruction on Publicity, Communication, and Research ........... 27

XXX.   2.509 Communication Between Court and Jury During Jury's Deliberations ........ 27

XXXI.   2.510 Attitude and Conduct of Jurors in Deliberations............................................ 28

XXXII.   2.511 Excusing Alternate Jurors ..................................................................... 28

**Proposed Voir Dire Questions**

## I.    Introduction

Good morning, ladies and gentlemen, and welcome to our ceremonial courtroom.  I am Trevor McFadden, and I will be the presiding judge in this case.  You have been called to this courtroom for possible selection in a criminal case entitled *United States of America v. Victor Sean Dennison*.

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed.  **[Oath given.]**

The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward or against either side in the case.  In short, it is our aim to select a jury that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will ask you a series questions that the attorneys and I think will be helpful to us in selecting a fair and impartial jury.  You are, of course, bound by the oath you've just taken to answer truthfully.

Now, before I begin with the questions, let me read a short summary to give you some background on this case.  Victor Sean Dennison is charged in connection with his actions at the U.S. Capitol on January 6, 2021. Specifically, Mr. Dennison is alleged to have entered the Capitol building and its restricted grounds.  There he is alleged to have paraded, picketed, or demonstrated, and to have engaged in disorderly or disruptive conduct.

## II.    Voir Dire Questions

We'll start with a series of questions.  After each question, please raise your hand if you would answer "Yes."

a.      **Public Questions**

1.   This is a criminal case entitled *United States v. Victor Sean Dennison*. The Defendant is charged with the offenses of Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building or Grounds; Parading, Demonstrating, or Picketing in a Capitol Building; and Failure to Appear. He was arrested in connection with the events that occurred at the U.S. Capitol on January 6, 2021. Do you know or have you heard anything about this specific case?

2.   The Government in this case is represented by Trial Attorney Elizabeth N. Eriksen and Special Counsel Brendan Ballou.  The Defendant is representing by Assistant Federal Public Defender Ubong E. Akpan.  The Defendant is formerly a resident of San Diego, California. Do you know any of these people?

3.   [Each side will introduce its witnesses by name, general area of residence, and employment.] Do you know any of the witnesses who have been introduced to you?

The next two questions relate to you, members of your immediate family, and close personal friends.

4.   Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency?  This includes any police department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Dept. of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law-enforcement agency.

5.   Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

6.   Do you have any difficulty reading, speaking, or understanding English?

7.   Do you live or work in or near the U.S. Capitol?

8.   I will be instructing the jury at the end of the trial that the testimony of a police officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer.  Would the fact that a witness is a police officer or law enforcement agent have any effect at all on whether or not you believe that person's testimony?  In other words, would the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe his or her testimony?

9.   If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose.  That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites.  Do you have any reservations or concerns about your ability or willingness to follow this instruction?

10.   Jurors are the sole judges of the facts.  However, the jury must follow the principles of law as instructed by the judge.  The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them.  Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

**b.      Private Questions**

For these next questions, you all should have an index card and a pen or pencil.  Please look at your juror badge and write the last three digits from your badge in the upper right-hand

corner of your index card.  I am now going to ask you a series of questions, numbered 11-20.

They are all yes/no questions.  If you have a yes answer to a particular question, please write the

number of the question on your card.  Don't write "yes" or why you have a "yes" answer.

Once I have finished asking all the questions, we'll empty the room and each of you will

go out into the hallway.  You will then enter one-by-one and will come up to the podium here in

front of me.  You will hand your index card up to me, and I will ask you why you answered yes

to the questions that you listed on the index card.  If you think your response reveals sensitive

information, you may ask me to put on the husher, which will drown out your responses from

anyone except myself and the attorneys.  We offer this as a way to preserve your privacy.

I'll now begin the questions.  Again, please write down the number of any question to

which you would answer yes.

11.   Have you had any unpleasant experiences with the police or a prosecutor or other law

enforcement, whether here in D.C. or elsewhere?  Have you had any unpleasant experiences with

a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it

difficult for you to be a fair juror in this trial?

12.   Have you had experience as a member of a grand jury or as a juror in a previous trial

that would affect your ability to be a fair juror in this trial?

13.   Have you, members of your immediate family, or close personal friends ever been

arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

14.   Do you or someone close to you have any personal or professional connection to events

at the U.S. Capitol on January 6, 2021?

15.   Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021

on the news or on the Internet?  If yes, how many times have you seen videos of that event, in

whole or in part, on TV or on the internet?  (1 time, 2-3 times, 4-5 times, 6 or more times).[1]

16.   Will you have difficulty putting aside what you have heard or seen about events at the U.S. Capitol on January 6, 2021 and your opinions about those events to decide this case in a fair and impartial manner based only on the evidence you receive in court?

17.   Would serving as a juror in this case be an extreme hardship to you [discuss one-week schedule]?

18.   Do you have a health or physical problem that would make it difficult to serve on this jury?

19.   Is there any other reason that would make it difficult for you to sit as a juror in this case?  Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair.  In sum, is there some other reason that would make it difficult for you to sit as a fair, impartial, and attentive juror in this particular case?

---

[1] The defense requests three additional sub-questions:

1.   *Do you have strong feelings—either positive or negative—about the individuals who gathered at the U.S. Capitol on January 6, 2021, in support of then-President Trump, that would make it hard for you to be a fair and impartial juror in a case involving one such individual?*
2.   *Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the cases arising from the January 6 events that would make it hard for you to be a fair and impartial juror?*
3.   *Do you have any impressions or feelings, positive or negative, toward lawyers defending the people charged with crimes arising from the January 6 events at the Capitol that would make it hard for you to be a fair and impartial juror?*

The government does not oppose the first question, but opposes the second and third. Those questions invite extraneous discussions of the advocates and of the Department's efforts to address the events of January 6, 2021, topics which have little to do with the facts which the jury will be asked to consider.

<u>**Proposed Jury Instructions After Trial**</u>

I.      **2.100 Furnishing the Jury with a Copy of the Instructions**

I will provide you with a [copy] [tape] of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may [refer] [listen] to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

II.     **2.101 Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

III.    **2.102 Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or

any other personal characteristic.  You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

## IV.     2.103 Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## V.     2.105 Statements of Counsel

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## VI.     1.105B Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notebooks with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

## VII.    2.106 Indictment Not Evidence

The information is merely the formal way of accusing a person of a crime. You must not consider the information as evidence of any kind—you may not consider it as any evidence of Mr. Dennison's guilt or draw any inference of guilt from it.

## VIII.   2.107 Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial. The law does not require Mr. Dennison to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mr. Dennison is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Mr. Dennison not guilty.

## IX.   2.108 Reasonable Doubt

The government has the burden of proving Mr. Dennison guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

**X.      2.109 Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**XI.      2.110 Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## XII.   2.111 Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## XIII.   2.112 Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party she or he represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## XIV.   2.200 Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.  You alone determine whether to believe any witness and the extent to which a witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the

witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness.  For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit.  You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and

accurate.  You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## XV.    2.207 Police Officer's Testimony

A police officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

## XVI.   2.208 Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify.  Mr. Dennison has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.

## XVII.  2.209 Defendant as Witness

A defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**XVIII. 2.216 Evaluation of Prior Inconsistent Statement of a Witness**

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made. I will now explain how you should evaluate those statements.

*PART A (for use when prior statements not made under oath are introduced):*

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

*PART B (for use when prior statements made under oath are introduced):*

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

*PART C (for use when prior identification statements are used to impeach a witness):*

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in

judging the credibility of [name of witness].  You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

## XIX.   2.217 Evaluation of Prior Consistent Statement of a Witness

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.  This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case].  If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

## XX.   2.305 Statements of The Defendant—Substantive Evidence

You have heard evidence that Mr. Dennison made statements to the police about the crime charged.  You should consider all the circumstances, including whether the police recorded the statement, in deciding whether he made the statement.  If you find that he did make the statement, you must decide how much weight to give the statement.  For example, you may consider whether he made the statement voluntarily and understood what he was saying.  You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all the conversations between him and the police.  You may consider whether the police warned him of his rights.  You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the police recorded some or all of the conversations.  You may consider

the age, education, experience, intelligence and the physical and mental condition of the defendant.

## XXI.   2.402 Multiple Counts—One Defendant

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

## XXII.  2.405 Unanimity

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

## XXIII. 2.407 Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

## XXIV. 2.501 Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdict(s).  Please keep in

mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

[If you wish to [see] [hear] those portions of [describe recordings] which I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.]

## XXV.  3.101 Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.  You may consider any statement made or acts done by Mr. Dennison, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Dennison acted with the necessary state of mind.

## XXVI. Elements Of Crimes Alleged

### a.  Count One: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)

Count One of the Superseding Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.  I am going to instruct you on this charge and explain the various elements that you must consider.  In order to

find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

2. Second, the defendant did so knowingly.[2]

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[3] The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

---

[2] The defense proposes the following addition: "*This means that the government must prove: (a) he knew that he had entered or remained (b) in what he knew to be a "restricted building or grounds" and (c) that he knew he did not have lawful authority to enter that area.*" In support of this addition, the defense cites *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842 (D.D.C. July 13, 2023); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932 (D.D.C. Dec. 1, 2023); *United States v. Groseclose*, No. 21-cr-311 (CRC), ECF No. 99 (D.D.C. Jan. 5, 2024); *United States v. Samsel*, 21-cr-537 (JMC).

The government responds that the court in *Hostetter* and *Samsil* actually adopted the government's proposal above, with the additional element for carrying a deadly or dangerous weapon.  *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842 (D.D.C. July 13, 2023); Substantive Legal Instructions, *United States v. Samsel*, 21-cr-537 (JMC), ECF No 313 at 22. Similarly, the court's jury instructions in *Elizalde* matched those of the government's, not the defense.  Final Bench Instructions, *United States, v. Elizalde*, No. 23-cr-170 (CJN), ECF No. 40. The cited filing in *Groseclose* deals with the knowledge requirement of 18 U.S.C. § 1752, not the actual jury instruction. In fact, the jury instructions the court actually adopted, once again, mirrored the government's. Final Substantive Instructions, *United States v. Groseclose*, No. 21-cr-311 (CRC), ECF No. 90 at 7-8.

[3] The defense proposes the following addition: *"The term 'otherwise restricted' means visually or verbally demarcated in a way that gives clear on-site notice, comparable to that given by a posting or cordoning off, that the area is, at the time of the entering or remaining, accessible only to certain authorized people."*  In support of this, the defense says that its definition of "restricted" as "accessible only to certain authorized people" is from the government's brief in *United States v. Griffin*, No. 22-cr-3042, Doc. #2010334 at 29.

The government responds that the quoted language in the brief was not for proposed for jury instructions, and that even if it were, the defendant's language that a restricted area must be

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[4]

**b.** **Count Two: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)**

Count Two of the Superseding Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law. I am

---

"visually or verbally demarcated in a way that gives clear on-site notice, comparable to that given by a posting or cordoning off" is unsupported and not referenced in the cited brief.

[4] The defense proposes the additional language: *"To prove that Mr. Dennison knew that the area he was entering or remaining in was, at that time, a 'restricted building or grounds,' it is insufficient for the government to prove that Mr. Dennison merely knew that that area was restricted in the everyday sense. The government must instead prove that, at the time Mr. Dennison entered or remained, he (A) knew that area was then posted, cordoned off, or otherwise restricted; and (B) knew that the Vice President was then or would be present within that area."*

The government responds that the defense cites no authority for this addition, which adds requirements to the crime not in the text of the statute itself. Moreover, this Court has declined to adopt such language in at least one case involving the same statute. Final Jury Instructions, *United States v. Hale-Cusinelli*, 1:21-cr-37 (TNM), ECF 84 at 33-34. *See also* Trial Transcript, *United States v. Griffin*, 21-cr-92 (TNM) (Mar. 22, 2022) at 332 ("In sum, the text of the statute makes clear that Congress did not intend for the scienter requirement to apply to 1752's definitional provisions. And I should also say, it doesn't make a lot of sense to me that the government would have to prove somebody knew that a specific dignitary was there. I can't imagine that a provision that is looking to protect Secret Service protectees would require the Secret Service to somehow be telling people and proving that people knew which protectee was in the restricted area at what time.").

Multiple other judges have agreed with this Court's interpretation. *See, e.g.*, Memorandum Opinion, *United States v. Easterday*, 22-cr-404 (JRB), ECF No. 111; Trial Transcript, *United States v. Nester*, 22-cr-183-2 (TSC) (Mar. 5, 2024); Trial Transcript, *United States v. Kenyon*, 22-cr-101 (ABJ) (Mar. 12, 2024); Pretrial Conference Transcript, *United States v. Chambers*, 23-cr-300 (DLF) (Mar. 14, 2024); Memorandum Opinion, *United States v. Carnell et al.*, 23-cr-139 (BAH), ECF No. 98; Memorandum Opinion and Order, *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128.

going to instruct you on this charge and explain the various elements that you must consider.  In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.    First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2.    Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3.    Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

c.    **Count Three: Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D)**

Count Three of the Superseding Information charges the defendant with disorderly and disruptive conduct in a Capitol building or grounds, which is a violation of federal law.  In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.    First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol buildings or grounds;

23

2.      Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly

conduct of a session of Congress or either House of Congress; and

3.      Third, the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at

First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the

instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids,

that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the

defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning described in the instruction for Count One.

### d.      Count Four: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G)[5]

Count Four of the Superseding Information charges the defendant with parading,

demonstrating, or picketing in a Capitol Building, which is a violation of federal law.  In order to

find the defendant guilty of this offense, you must find that the government proved each of the

following elements beyond a reasonable doubt:

1.      First, the defendant paraded, demonstrated, or picketed in any of the United States

Capitol Buildings;

2.      Second, the defendant acted willfully and knowingly.

---

[5] *See* Ninth Circuit Jury Instructions Committee, Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit (2022), https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2024_03.pdf.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[6]

The terms "United States Capitol Buildings" has the same meaning described in the instructions for Count Three.  The terms "knowingly," and "willfully" have the same meanings as described in the instructions for Counts One and Three respectively.

### e.    Count Five: Failure to Appear, in violation of 18 U.S.C. § 3146(a)(1)

Count Five of the Superseding Information charges the defendant with failing to appear. In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.    First, that the defendant knowingly failed to appear before a Judge or Magistrate Judge of this Court as required by the conditions of his release; and

2.    Second, that an offense charged in the case in which the defendant had been released on bail was punishable by a term of one year imprisonment.

It is an affirmative defense to a prosecution for failure to appear—and the Defendant would not be guilty—if (a) uncontrollable circumstances prevented the Defendant from appearing; (b) the Defendant did not himself contribute to the creation of such circumstances in reckless disregard of the requirement to appear; and (c) the Defendant then appeared as soon as such circumstances ceased to exist.[7]

---

[6] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).
[7] The defense proposes the following alternate instructions:

*First, the defendant was released from custody under the Bail Reform Act;*

**XXVII.**        **2.502 Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**XXVIII.**       **2.505 Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

---

*Second, the defendant was required to appear in court or before a judicial officer on June 5, 2023;*
*Third, the defendant knew of this required appearance; and*
*Fourth, the defendant intentionally failed to appear as required.*

*See* NINTH CIRCUIT JURY INSTRUCTIONS COMMITTEE, MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT (2022), 24.18.

The government responds that the cited jury instructions add a condition—that the defendant was released pursuant to the Bail Reform Act—that is not in the text of the statute. Instead, the government proposed that the court adopt a variation of the model jury instructions of the 11th Circuit, which are simpler and hew more closely to the statute's text. ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 81 (2003), *available at* https://pracdl.typepad.com/Pattern%2520Jury%2520Instructions%252011th%2520Circuit%2520 Criminal.pdf.

**XXIX. 2.508 Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

**XXX.  2.509 Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how

the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## XXXI. 2.510 Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## XXXII.        2.511 Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected [two] [insert other number as appropriate] seats to be the alternate seats before any of you entered the courtroom.  Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you [two] [insert other number as appropriate] leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk.  I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet.  In all likelihood, we will be calling you to tell you there

has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.