UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 1:23-cr-32 (TNM) |
| | : | |
| VICTOR SEAN DENNISON | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' TRIAL BRIEF

The United States respectfully submits this brief summarizing the government's evidence at trial, as well as some administrative matters, given the unusual posture of this case. The government expects that it will be able to present its case in a day or less.

**I.      The January 6 Capitol Riot and The Defendant's Actions**

On January 6, 2021, thousands of people descended on the U.S. Capitol and interrupted the joint session of Congress that had convened to certify the votes of the Electoral College for the 2020 Presidential Election. In its case-in-chief, the government will briefly describe the joint session and the riot in which the defendants participated, and then focus on the defendant's criminal conduct and intent that day.

As the Court is aware, Vice President Michael Pence, as the President of the Senate, was at the Capitol to preside over the joint session and Senate proceedings. On that day, Secret Service was present for the protection of the Vice President and his family members, and physical barriers and law enforcement officers surrounded the U.S. Capitol building and grounds. At all relevant times, the United States Capitol building and its grounds—including the East Side of the Capitol, and the entire Capitol building itself—were closed to members of the public.

1

The defendant, Victor Sean Dennison, was among the group of rioters who illegally entered the U.S. Capitol grounds, and then the U.S. Capitol building, that day. The FBI first became aware of Dennison after an anonymous citizen submitted to the FBI's tip line a video that had been posted to the Facebook page of username "facebook.com/seandennison1," subsequently identified as Dennison. In the clip, Dennison said that he entered the U.S. Capitol building on January 6, 2021. The video appears to have been filmed in the Washington D.C. area. Dennison wore a gray puff-jacket and a baseball cap with the slogan "ALL ABOARD THE TRUMP TRAIN" stitched on it. During the investigation, the FBI also found a photo, posted to a third party's Facebook account, which depicts Dennison wearing red-tinted sunglasses, as well as the same gray puff-jacket and baseball cap worn in the video clip mentioned above. Based on the background of the photographs, Dennison appeared to be in Washington, D.C.

On June 9, 2021, the FBI interviewed Dennison by telephone, in which Dennison admitted that he entered the U.S. Capitol building after noticing the doors had been breached. Dennison admitted to seeing Capitol Police dressed in riot gear inside the Capitol building. Dennison also confirmed that on January 7, 2021, he made a video of himself and another individual in front of the U.S. Supreme Court, in which they described their experiences the day before, including Dennison's entry into the U.S. Capitol building.

The FBI also reviewed closed-circuit television and third-party video within the U.S. Capitol building which shows that Dennison entered the U.S. Capitol building's Senate Wing Corridor on January 6, 2021. The footage shows Dennison, wearing the same distinctive clothes in the previous video and images, enter the U.S. Capitol building through the Senate wing door at 2:49 p.m. and exit at 2:51 p.m. EST. Finally, the FBI reviewed posts by Dennison on

Facebook and Parler which suggest that he entered the Capitol intending to disrupt the election's certification.

Dennison was arrested in early 2023, and his trial was scheduled for June 5 of that year. Rather than show up for his own trial, however, Dennison fled from prosecution, first to Florida, then across the country to California, then up Oregon, and finally back to Florida. After approximately ten months of searching, the FBI was able to find and arrest Dennison, who has been detained since then.

## II. The Government's Proof

The government will call an officer from the U.S. Capitol Police (Captain Sean Patton) to provide an overview of the Capitol building and grounds, describe the restricted perimeter around the Capitol on January 6, 2021, and how protesters breached that perimeter. Patton will also describe the atmosphere of chaos in the Senate Wing Corridor, the area through which Dennison entered the Capitol.

The government will then call an agent from the U.S. Secret Service (Inspector Lanelle Hawa) to describe how then-Vice President Pence was at the Capitol that day, and how protesters' actions disrupted his and others' work to certify the results of the presidential election.

Finally, the government will call an FBI and ATF special agent (Special Agent Arnesha Bahn) who led the investigation into Victor Sean Dennison's actions to show that Dennison breached the Capitol's restricted perimeter, traveled up the Capitol steps, and ultimately entered the Capitol itself. As the agent will testify, Dennison entered through the Senate Wing Corridor, where police worked to contain the protesters, and where shattered glass spilled onto the floor, and sirens blared. Dennison's social media posts will show that he did all of this to disrupt the

election's certification. Special Agent Bahn will testify further to how Dennison was aware that he was to attend trial on June 5, 2023 and that he did not. She will also testify to the manhunt required to track down Dennison.

Below brief table describing the witnesses, the expected length of their direct examination, and the evidence expected to be offered through each.

| Witness | Expected Direct Length | Expected Evidence to Be Introduced |
|---|---|---|
| U.S. Capitol Police Captain Sean Patton | 90 minutes | • Description of perimeter around Capitol on January 6, 2021<br>• Overview of breach of perimeter |
| U.S. Secret Service Inspector Lanelle Hawa | 45 minutes | • Overview of then-Vice President Pence's presence at the Capitol<br>• Description of protesters' disruption of the election certification |
| Federal Bureau of Investigation and Bureau of Alcohol Tobacco Firearms and Explosive Special Agent Arnesha Bahn | 120 minutes | • Description of Dennison's actions in and around the Capitol building<br>• Review of process for investigating Dennison<br>• Description of Dennison's posts on social media<br>• Description of Dennison's flight from prosecution |

**III.    List of Prior Convictions**

The defendant has no known prior convictions.

**IV.    List of Government Exhibits**

A current list of proposed exhibits is attached.

**V.    Sentencing Recommendation**

The government recommends Dennison be sentenced to 150 days' incarceration and six months' supervised release, though respectfully reserves the right to revise its recommendation if, at trial, Dennison lies or demonstrates a risk of recidivism. As described more fully below, an

aggregate sentence of 150 days is consistent with the recommendations of the United States Sentencing Guidelines and similar to the sentences in similar cases. It is also independently reasonable and supported by the sentencing factors to be considered under 18 U.S.C. § 3553(a).

Dennison's term of imprisonment under the United States Sentencing Guidelines for Counts One, Two, and Five is calculated as follows (because Counts Three and Four are Class B misdemeanors, the Guidelines do not apply to them):

*Count One: 18 USC § 1752(a)(1)*

| | | |
|---|---|---|
| U.S.S.G. § 2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. § 2B2.3(b)(1)(A) | Specific Offense Characteristics (Trespass occurred at a restricted building or grounds) | 2 |
| | Total | 6 |

*Count Two: 18 USC § 1752(a)(2)*

| | | |
|---|---|---|
| U.S.S.G. § 2A2.4(a) | Base offense level | 10 |
| | Total | 10 |

*Count Five: 18 U.S.C. § 3146(a)(1)*

| | | |
|---|---|---|
| U.S.S.G. § 2J1.6 | Base Offense Level | 6 |
| | Total | 6 |

Counts One and Two group (Group 1) because they share a common victim (Congress), while Count Five forms its own group (Group 2). The offense level for Group 1 (10 offense levels) is four less than for Group 2 (6 offense levels), one unit is added Group 1. This, ultimately, is not enough to add any offense levels to Group 1, so the combined offense level is 10. With a two-point adjustment as a so-called "zero-point" offender under U.S.S.G. § 4C1.1, and a two-point upward adjustment under U.S.S.G. § 3C1.1 for obstructing justice by his flight from prosecution, the total

5

offense level remains 10. Dennison has no prior offenses, and so is in Criminal History Category I. As such, his estimated Guidelines range for those offenses is 6 to 12 months.

Although a term of imprisonment for failing to appear must be served consecutively with the term for the underlying offense, 18 U.S.C. § 3146(b)(2), Application Note 3 to U.S.S.G. § 2J1.6 indicates that because Counts One and Two receive a two-level adjustment for obstruction, they are grouped with Count Five pursuant to U.S.S.G. § 3D1.2(c). But while all counts group, 18 U.S.C. § 3146(b)(2) still requires a consecutive sentence, so Application note 3 further instructs that the combined sentence be constructed to provide a "total punishment" that satisfies the requirements of both U.S.S.G. § 5G1.2 (Sentencing on Multiple Counts of Conviction) and 18 U.S.C. § 3146(b)(2).

Accordingly, the government recommends that Dennison be sentenced to 30 days' imprisonment for his conduct on January 6, 2021, and 120 days' imprisonment for his flight from prosecution. This sentence for his conduct at the Capitol is similar to the defendant's sentence in *United States v. Dropkin*, 1:21-cr-734 (JEB). Like Dennison, Dropkin was charged with the same offenses (except for the failure to appear charge). And like Dennison, Dropkin entered the Capitol Building through the Senate Wing Doors and used his cell phone to record video of the riot. Dropkin remained in the building for significantly longer—one hour—though he also received a more substantial sentence: in addition to 30 days' incarceration, he was sentenced to 12 months' supervised release and a $500 fine. As such, a 30-day sentence and six months' supervised release for Dennison's conduct on January 6 conduct is appropriate.

In searching for an appropriate comparison for sentencing Dennison for his flight from prosecution, the government had endeavored to find cases in which a defendant was sentenced for failing to appear after a misdemeanor violation. In *United States v. Leaphart*, the defendant was sentenced to 90 days' imprisonment for misdemeanor bank theft, and twelve months'

imprisonment for his failure to appear. 98 F.3d 41, 42 (2d Cir. 1996). In other words, the sentence for failing to appear was about four times longer than the sentence for the underlying offense. The same should be true here. Given that the government recommends a sentence of 30 days' incarceration, we also recommend 120 days' incarceration for his failure to appear. Collectively, this would result in a total sentence of 150 days' incarceration. This ratio is not the only reason that counsels a substantial sentence for Dennison's flight, however. The fact that Dennison fled, not just from a hearing, but from his own trial, coupled with the substantial resources required to track him down, are further arguments in favor of the government's sentence.

      Collectively, a 150-day sentence and six months of supervised release will adequately punish Dennison for his crimes and adequately deter him from future conduct that disrespects the integrity of our democratic process and our courts.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel, detailed to the
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

Elizabeth N. Eriksen
VA Bar No. 72399
Trial Attorney, detailed to
United States Attorney's Office

601 D Street, NW
Washington, DC 20001
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov