```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *   )
 UNITED STATES OF AMERICA,       )   Criminal Action
                                 )     No. 23-00032
            Plaintiff,           )
                                 )
   vs.                           )
                                 )
 VICTOR SEAN DENNISON,           )   Washington, D.C.
                                 )   May 23, 2024
            Defendant.           )   2:04 p.m.
                                 )
 * * * * * * * * * * * * * * *   )


      TRANSCRIPT OF HYBRID STATUS CONFERENCE AND ARRAIGNMENT
                (CONDUCTED IN PERSON AND VIA ZOOM)
            BEFORE THE HONORABLE TREVOR N. McFADDEN
                   UNITED STATES DISTRICT JUDGE



 APPEARANCES:

 FOR THE GOVERNMENT:        BRENDAN BALLOU, ESQ.
                            U.S. DEPARTMENT OF JUSTICE
                            950 Constitution Avenue, Northwest
                            Washington, D.C. 20530

                            ELIZABETH N. ERIKSEN, ESQ.
                            U.S. DEPARTMENT OF JUSTICE
                            1301 New York Avenue
                            Eighth Floor
                            Washington, D.C. 20005


 FOR THE DEFENDANT:         VICTOR SEAN DENNISON
                              (Appearing Pro Se)


 FOR THE DEFENDANT:         UBONG AKPAN, ESQ.
 (as standby counsel)       OFFICE OF THE FEDERAL PUBLIC
                              DEFENDER
                            625 Indiana Avenue, Northwest
                            Suite 550
                            Washington, D.C. 20004
```

```
 1     REPORTED BY:           LISA EDWARDS, RDR, CRR
                              Official Court Reporter
 2                            United States District Court for the
                                District of Columbia
 3                            333 Constitution Avenue, Northwest
                              Room 6706
 4                            Washington, D.C. 20001
                              (202) 354-3269
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE COURTROOM DEPUTY:  This is Criminal Case
 2   23-32, the United States of America versus Victor Sean
 3   Dennison.
 4              Can the parties please identify yourselves for the
 5   record, starting with the Government.
 6              MR. BALLOU:  Good afternoon, your Honor.  Brendan
 7   Ballou for the United States, joined by Elizabeth Eriksen.
 8              THE COURT:  Good afternoon, folks.
 9              MS. AKPAN:  Sorry, your Honor.  Ubong Akpan,
10   standby counsel.
11              THE COURT:  Good afternoon, Ms. Akpan.
12              Good afternoon, Mr. Dennison.
13              Mr. Dennison, are you still wanting to represent
14   yourself, sir?
15              THE DEFENDANT:  Well, you know --
16              THE COURT:  It's a yes-or-no question.
17              THE DEFENDANT:  I understand you said it's a
18   yes-or-no question.  I just want to let you know I'm here to
19   address that matter.
20              I --
21              THE COURT:  Sir, can I have you approach the
22   podium.
23              THE DEFENDANT:  I'm sorry?
24              THE COURT:  Approach the podium, please.
25              MS. AKPAN:  I apologize, your Honor.  Can I just
```

```
 1   step into the well for one moment to bring Mr. Dennison a
 2   document that he needs?
 3             THE COURT:  Oh, sure.
 4             MS. AKPAN:  Thank you.
 5             THE COURT:  Mr. Dennison, I need you up here at
 6   the podium.
 7             THE DEFENDANT:  Please excuse me one second.  I'm
 8   waiting for a document.
 9             So I apologize.  But the reason why there's a
10   delay is because I have not been given any time to prepare
11   with my documentations, which has been flown in to me from
12   Florida.  And it was obstructed.  The entire justice system
13   is set up this way.  It's set up for --
14             THE COURT:  Sir, are you -- sir, are you going to
15   approach the podium?
16             THE DEFENDANT:  I would like to approach the
17   podium with my documents, which I've had flown in, if you
18   don't mind.
19             No.  I haven't been given a chance to go through
20   any of my files.
21             THE COURT:  Sir, I'm asking a simple question.
22   We're not going to have some sort of legal debate and we're
23   certainly not going to have a legal speech from you.
24             THE DEFENDANT:  I gotcha.
25             And is it not okay that I -- that I'm prepared?
```

1     Is that what you're --
2              THE COURT:  I don't know what you're seeking to
3     prepare for.
4              The question here, though, is whether you're
5     seeking to represent yourself.
6              THE DEFENDANT:  May I be given an opportunity to
7     go over to my files and --
8              THE COURT:  Absolutely.
9              THE DEFENDANT:  -- procure the document I'd like
10    to approach with?
11             THE COURT:  So I previously granted you permission
12    to represent yourself.  I'm not hearing any request to
13    change that.
14             We're going to --
15             THE DEFENDANT:  No.
16             THE COURT:  -- proceed with the arraignment.
17             Ms. Chaclan?
18             THE DEFENDANT:  I'm not changing that.  Yes.
19    That's true.  That's right.  But I'm also not --
20             THE COURT:  Sir --
21             THE DEFENDANT:  -- the Defendant.  I'm not the
22    Defendant.
23             THE COURT:  I need you to listen.
24             THE DEFENDANT:  I'm not the Defendant.  Three
25    times I've said it.

1        THE COURT: Yes. That's enough.
2        THE COURTROOM DEPUTY: Victor Sean Dennison, in
3   Criminal Case 23-32, in which you are charged by superseding
4   information on Count 1, entering and remaining in a
5   restricted building or grounds; Count 2, disorderly and
6   disruptive conduct in a restricted building or grounds;
7   Count 3, disorderly conduct in a Capitol building or
8   grounds; Count 4, parading, demonstrating or picketing in a
9   Capitol building; Count 5, failure to appear, do you waive
10  the formal reading of the superseding information and how do
11  you wish to plead?
12       THE DEFENDANT: (No response.)
13       THE COURT: Mr. Dennison, do you want Ms. Akpan to
14  respond in your behalf?
15       I'm going to enter a plea of not guilty to those
16  charges, seeing that the Defendant is not responding.
17       Mr. Ballou, where do things stand here?
18       THE DEFENDANT: Excuse me. Hi. I would like to
19  address what you just said. I don't accept any plea for me
20  ever. Not from you, not from anyone. It's not okay.
21  Please don't do that again.
22       THE COURT: Sir, you do not seem to understand how
23  things are going to work here, sir.
24       THE DEFENDANT: I'm --
25       THE COURT: I'm in control, not you.

1          Deputy Marshal, remove the microphone from him.
2          You'll speak when spoken to.
3          Mr. Ballou.
4          MR. BALLOU: Your Honor, as you probably remember
5  this trial, this case was set for trial back in June of last
6  year.
7          The Defendant absconded shortly before trial was
8  set to commence.
9          We then engaged in a, frankly, very extensive
10 manhunt to find him and were ultimately able to capture
11 Mr. Dennison on April 22nd.
12         The Government is prepared to move to trial
13 quickly here. We want to.
14         One preliminary matter is -- and I think this
15 hearing is evidence of this -- is that we would ask that
16 Mr. Dennison be appointed counsel to represent him directly
17 rather than as standby counsel. As you know, a trial judge
18 may terminate a defendant's self-representation if the
19 defendant deliberately engages in serious and obstructionist
20 misconduct.
21         Mr. Dennison has done that in a number of ways,
22 first and most, obviously, of which is his fleeing before
23 pretrial.
24         The second is, that in advance of trial, even
25 before he fled, Mr. Dennison did not respond to --

1        THE DEFENDANT:  I object to every time you call me
2    Mr. Dennison.  It's not okay.
3        THE COURT:  Sir, it's certainly not okay for you
4    to interrupt.
5        THE DEFENDANT:  It's a corporate term.  It's not
6    referring to me as the man.  It's referring to the
7    corporation, which I'm not.  Please --
8        MR. BALLOU:  I'll refer to the Defendant going
9    forward.
10       THE DEFENDANT:  I would like to strike from the
11   record every single time that my last name is used to refer
12   to me ever.  Okay?  I'm simply this:  I'm Victor subrogee in
13   this matter.  This is a subrogation notice.
14       THE COURT:  Sir, I'm about to remove you from the
15   courtroom.
16       THE DEFENDANT:  I so establish a writ of
17   discovery, which I --
18       THE COURT:  Deputy, please remove the Defendant
19   from the courtroom.
20       THE DEFENDANT:  Obstruction of justice.  Okay.
21   Please respond to my -- I'd like to be left with the judge.
22   I mean, he ordered it.  He ordered me out.
23           (Thereupon, the Defendant retired from the
24   courtroom and the following proceedings were had:)
25       THE COURT:  And for the record, the Defendant

1  repeatedly refused to respond to my questions, to speak when
2  spoken to, to not speak when not spoken to, to approach the
3  podium when it was his turn to talk.  And I've removed him
4  because he has shown he is not willing to conform his
5  conduct to the expectations of a court procedure.
6          You were saying, Mr. Ballou?
7          MR. BALLOU:  I think, your Honor, obviously, this
8  hearing is evidence of the fact that Mr. Dennison or the
9  Defendant is engaging in serious and obstructionist conduct
10 here.  We have yet to have a hearing where he is able to get
11 through the hearing without serious interruptions and
12 disruptions.
13         I would also add on a substantive level, as we
14 were preparing for trial, Mr. Dennison did not reply to any
15 of our motions.  He did not seem to engage in preparation
16 for the trial.  He did not seem to review any of the
17 evidence himself.
18         And most importantly, through his own statement,
19 Mr. Dennison does not believe in or respect the authority of
20 this Court, and so he is extremely unlikely to follow any of
21 your orders here.
22         For these reasons, we think it's important that
23 Mr. Dennison have counsel to represent him during trial so
24 that we can get to trial and complete that trial quickly.
25         THE COURT:  Mr. Ballou, how long do you expect

1     your case in chief to last?
2              MR. BALLOU:  If we are doing this as a bench
3     trial, I suspect we can do this in a day.
4              THE COURT:  I don't think he's waived his right to
5     a jury trial, and I'm guessing he's not going to be.
6              MR. BALLOU:  One can imagine.
7              I suspect that it would then take us probably
8     about three days, including voir dire, to do our case in
9     chief.  This is a straightforward case.  But given what
10    we've experienced so far, this might take a little bit
11    longer than many January 6th misdemeanants.
12             THE COURT:  Yes.  Thank you, Mr. Ballou.
13             Ms. Akpan, I know you're in a difficult position
14    here.  I think -- I mean, this is a misdemeanor case.  I
15    certainly cannot imagine releasing the Defendant prior to
16    trial, although I'm happy to hear from you on that.
17             So my instinct is that we need to set trial
18    quickly.  Certainly I want to make sure you're available for
19    it.  And I don't think I want to decide the question of
20    representation immediately; but we should figure that out
21    pretty quickly, among other things, so you know what your
22    role is going to be.
23             MS. AKPAN:  Understood, your Honor.
24             THE COURT:  Tell me what you think about all that.
25             MS. AKPAN:  I want to say for the record I cannot

1    speak for Mr. Dennison.
2             If the Court is going to go ahead and set the
3    trial, I have been in discussion with my colleagues as to
4    timing as -- so that we can -- it's possible that it might
5    be me and another colleague --
6             THE COURT:  Sure.
7             MS. AKPAN:  -- to cover the trial.
8             Because Mr. Dennison is still *pro se*, we will --
9    and we are here by the Court's -- at the Court's discretion.
10   We will do what the Court requires.  To the extent that he
11   needs or decides to not be *pro se* or needs consultation from
12   us, we will be available.
13            THE COURT:  So are you saying you'd prefer not to
14   set a trial date now?
15            MS. AKPAN:  Your Honor, I will do whatever the
16   Court requires.  If the Court tells me the trial date, then
17   we can make provisions.
18            THE COURT:  I think it makes sense for us to set a
19   trial date pretty quickly.
20            MS. AKPAN:  Okay.
21            THE COURT:  August 26th.  Does that work for the
22   Government?
23            MR. BALLOU:  One moment, your Honor.
24            That works for the Government, your Honor.
25            THE COURT:  Ms. Akpan, does that work for you?  I

1    know it's the end of the summer there.
2            MS. AKPAN:  Your Honor, I am presently supposed to
3    be in a trial -- in another trial.  My colleague,
4    Ms. Shrewsbury, who had also stepped in on this case, is
5    also on that trial.
6            Where I'm pausing, your Honor, is because I don't
7    want to hinder Mr. Dennison's right as far as speedy trial
8    and all that.  To the extent that -- if it can be moved up,
9    that would be great.  If not, I will discuss with my
10   colleagues who could cover.  But we're currently supposed to
11   be in trial.  It might be moved.  I apologize.  I don't have
12   the answer right now on that.  I can let the Court know and
13   counsel know if that trial does get moved and we would both
14   be available on that date.
15           THE COURT:  From a speedy trial perspective, I
16   think we're doing all right there.
17           I can understand he might want a speedier trial.
18   Realistically, I'm not going to be able to do it before
19   then.
20           MS. AKPAN:  Okay.
21           THE COURT:  If you're telling me you might have
22   somebody else handle this instead, then I guess I'd be
23   inclined to go ahead and tentatively schedule this.  But
24   otherwise, I think we should look for a different date.
25           MS. AKPAN:  Is the Court available the following

1    week, your Honor?  It would be September 3rd.
2             THE COURT:  I start a monthlong trial.
3             MS. AKPAN:  I know trial dates are very hard to
4    get in our court.
5             THE COURT:  The Government has you and me very
6    busy.
7             MS. AKPAN:  Your Honor, I think I can accept this
8    trial date.  I do think the other trial Ms. Shrewsbury and I
9    are on is supposed to get moved.  So I think it's okay for
10   me to say yes.
11            THE COURT:  So I'm going to set trial in this case
12   for August 26th at 9:30 here in Courtroom 2.
13            Mr. Ballou, do you want to file a motion on your
14   proposal to revoke his self-representation?
15            MR. BALLOU:  Let me talk with office management on
16   that, if that's okay.  Perhaps we could get an interim
17   decision on how to handle discovery until then.
18            When we were originally scheduled for trial, I
19   believe you allowed discovery to filter through standby
20   counsel, Ms. Akpan.
21            THE COURT:  Yes.
22            MR. BALLOU:  Is that still okay with you?
23            THE COURT:  Yes.
24            MR. BALLOU:  Great.  Thank you.
25            THE COURT:  We've got to do it that way.

1         MR. BALLOU:  Thank you.  We'll get back to you,
2    obviously, on the *pro se* issue.
3         THE COURT:  We need to start figuring out things
4    here.  I'm not super-excited about multiple status
5    conferences.
6         MR. BALLOU:  Understood, your Honor.
7         THE COURT:  If you're going to be filing such a
8    motion, I think you should file it by June 6th.  I'll give
9    the defense three weeks to respond.  That would be by June
10   27th.  And any reply should be made by July 5th.
11        Can we do a status conference on -- you've already
12   filed motions.  Is that correct?
13        MR. BALLOU:  Yes.  And I believe you granted them.
14        THE COURT:  So are you expecting to file any
15   additional motions?
16        MR. BALLOU:  We'd have to think about if there's
17   anything else necessary, given the new charge on the failure
18   to appear.  But at least on the core January 6th charges, I
19   don't expect so.
20        THE COURT:  I think I probably -- I'll go ahead
21   and set a briefing schedule.  I'm just going to work
22   backward here.
23        We'll set any replies to be due by August 19th.
24        Any oppositions should be filed by August 5th.
25        Any motions should be filed by July 15th.

1               I should make clear that's not only motions, but
2     any 404(b) evidence or expert witnesses, not that I can
3     imagine we'd be having any expert witnesses, but any of
4     those notices would all be due by that July 15th date.
5               And then oppositions should be filed on the normal
6     course.
7               I think it probably does make sense to set a
8     pretrial conference date here.  2:00 p.m. on August 22nd:
9     Does that work for the Government?
10              MR. BALLOU:  I believe so, your Honor.
11              THE COURT:  Ms. Akpan, does that work for you?
12              MS. AKPAN:  Yes, your Honor.  Yes, your Honor.
13              THE COURT:  And we'll set pretrial conference for
14    August 22nd.
15              I'd also ask any -- for any jointly proposed jury
16    instructions -- that may be a little much to hope for
17    here -- and jointly proposed voir dire questions should all
18    be filed by July 19th.  To the extent the parties cannot
19    agree on jury instructions or voir dire questions, you
20    should file those separately.
21              I should have said August 19th there, not July.
22              Then I think I want to set one status conference
23    here to try to figure out the representation issue.
24              When did I say your reply would be due on the
25    representation issue, Mr. Ballou?

1           MR. BALLOU:  I believe July 5th.
2           THE COURT:  So July 12th.  Can we do a status
3    conference at 2:00 p.m.?
4           MR. BALLOU:  One moment, your Honor.
5           That should work for the Government.
6           THE COURT:  Ms. Akpan?
7           MS. AKPAN:  Yes, your Honor.
8           THE COURT:  Great.  So we're setting a status
9    conference on July 12th at 2:00 p.m.
10          Anything further for the Government, Mr. Ballou?
11          MR. BALLOU:  Just tolling the Speedy Trial Act
12   until the status conference on the trial.
13          THE COURT:  On what basis?
14          MR. BALLOU:  I believe it would be Subsection
15   47(b)(2), when the case is so unusual or so complex due to
16   the nature of the prosecution.
17          This is a simple case within a larger -- in fact,
18   I think the largest prosecution in U.S. history.  So that's
19   a fair amount of evidence to go through.
20          THE COURT:  Ms. Akpan, I'm going to assume
21   you're -- do you want to not take a position or do you want
22   to object?
23          MS. AKPAN:  I can't.  As standby counsel, I can't.
24          THE COURT:  I'm going to assume he's objecting.
25   And I'm going to grant the motion to toll the speedy trial

1    clock on the basis that Mr. Ballou laid out, including the
2    substantial discovery, the representation issue here that I
3    think we all need to figure out, and it's certainly
4    complicated by the Defendant's conduct and the need to
5    ensure that discovery is getting over to the Defendant,
6    given that he's incarcerated.
7              Ms. Akpan, anything further that you think we
8    should be discussing today?
9              MS. AKPAN:  No, your Honor.
10             THE COURT:  Thanks, folks.  See you next month.
11             (Proceedings concluded.)

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 10th day of October, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269