```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *   )
 UNITED STATES OF AMERICA,       )    Criminal Action
                                 )      No. 23-00032
             Plaintiff,          )
                                 )
   vs.                           )
                                 )
 VICTOR SEAN DENNISON,           )    Washington, D.C.
                                 )    July 15, 2024
             Defendant.          )    10:46 a.m.
                                 )
 * * * * * * * * * * * * * * *   )


              TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE TREVOR N. McFADDEN
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:        BRENDAN BALLOU, ESQ.
                           U.S. DEPARTMENT OF JUSTICE
                           950 Constitution Avenue, Northwest
                           Washington, D.C. 20530

                           ELIZABETH N. ERIKSEN, ESQ.
                           U.S. DEPARTMENT OF JUSTICE
                           1301 New York Avenue
                           Eighth Floor
                           Washington, D.C. 20005


FOR THE DEFENDANT:         VICTOR SEAN DENNISON
                             (Appearing Pro Se)


FOR THE DEFENDANT:         UBONG AKPAN, ESQ.
 (as standby counsel)      OFFICE OF THE FEDERAL PUBLIC
                              DEFENDER
                           625 Indiana Avenue, Northwest
                           Suite 550
                           Washington, D.C. 20004
```

1   REPORTED BY:              LISA EDWARDS, RDR, CRR
                              Official Court Reporter
2                             United States District Court for the
                                District of Columbia
3                             333 Constitution Avenue, Northwest
                              Room 6706
4                             Washington, D.C. 20001
                              (202) 354-3269

1    THE COURTROOM DEPUTY:  This is Criminal Case
2    23-32, the United States of America versus Victor Sean
3    Dennison.
4            Can the parties please introduce yourselves,
5    starting with the Government.
6            MR. BALLOU:  Good morning, your Honor.  Brendan
7    Ballou for the United States, joined by Elizabeth Eriksen.
8            THE COURT:  Good morning, folks.
9            MS. AKPAN:  Good morning, your Honor.  Ubong
10   Akpan, standby counsel for Victor Dennison.
11           THE COURT:  Good morning, Ms. Akpan.
12           And good morning, Mr. Dennison.
13           THE DEFENDANT:  Good morning.
14           THE COURT:  I've reviewed the Government's motion
15   to have your ability to represent yourself revoked.
16           Mr. Dennison, is there anything you'd like to say
17   before I rule on this motion?
18           THE DEFENDANT:  I have some questions about that,
19   because --
20           THE COURT:  Sir, if you could approach the podium.
21           THE DEFENDANT:  Sure.  I apologize.  I have a few
22   documents here to grab.
23           All right.  Hi, Judge.
24           THE COURT:  Good morning, sir.
25           THE DEFENDANT:  So I'm here about my special

1  appearance to address the matter at hand, which -- I'm
2  trying to resolve this for a long time. I've been trying to
3  figure out how to do that. And I thought at one time doing
4  it by trial would be the right way to go. But I realized
5  that, I mean, I'm actually the third-party intervenor in
6  this matter, not the Defendant. I'm not the Defendant.
7          THE COURT: I'm sorry. You said you're not the
8  Defendant?
9          THE DEFENDANT: No. I'm not.
10         I understand the Court needs me to be the
11 Defendant to have a trial.
12         I've actually submitted some documents to resolve
13 this matter. I know it's -- I've attempted to resolve it in
14 a private -- okay? -- a private settlement, in essence. I'm
15 a subrogee to the Defendant, and I'm attempting to settle
16 this matter.
17         So my question is, if -- I'm attempting to settle
18 it in a private [sic]. And there's a private settlement
19 offer. And I'm acting as subrogee. And I have in fact
20 submitted a writ of divine abatement for exoneration, which
21 is a special deposit to discharge the debt associated with
22 this account/case.
23         As subrogee, as a third-party intervenor, I've
24 attempted to settle this sort of *ex parte* by special
25 appearance. And I have submitted this documentation to you,

1    to the Clerk of Court. You know, charging instruments were
2    endorsed. Basically, from my understanding, subrogation
3    accrues upon payment of the debt, which I had done.
4            And I guess I just really need my right of
5    subrogation to be recognized by the prosecutor, to be
6    certified by the prosecutor and yourself. And there's
7    really no controversy here. I'm not disputing the facts.
8    I'm interested in resolving this matter. And I -- I feel
9    kind of silly that I've taken this long to figure out what
10   it is that you guys need from me, because I didn't
11   understand. I haven't understood.
12           And my apologies for any disruptiveness in the
13   past, because I just have not understood any of this. I
14   didn't know why I was here, and it was upsetting to me. But
15   I'm attempting to just resolve this and to move on with my
16   life.
17           Subrogation, from what I understand, has to do
18   with equity. It has to do with having the highest equitable
19   claim to my estate, which is the Defendant, is my estate.
20   It's not me; it's an estate.
21           And so I just -- I would like to -- I would like
22   to speak with you in a private regarding this. It is a
23   private matter. I have submitted charging instruments that
24   have been given consideration. There's collateral involved.
25   These items are attached to a public lien. There's an

1    actual lien that has all of this in it.
2            I have done a motion to release the subrogee from
3    detention, which is me.  And I have an order to release, if
4    you would sign off on it.  That would make my day.  It would
5    make my week.  It's my birthday this week.  I'm trying to
6    just handle this, take responsibility for everything, just
7    get it done now.
8            Yeah.  And if you could look that over, that would
9    be amazing.
10           So can I speak for myself?  Can I represent
11   myself?  That's the question.
12           I mean, I think I'm more than capable of doing
13   that.
14           It's just -- I just don't think that the trial is
15   something that makes sense at this point, as there's a
16   private settlement offer on the table.  No controversy.
17   There's just -- I just don't see why I'm here and why we're
18   not talking about the resolution in private.
19           THE COURT:  Thank you, sir.  You may have a seat.
20           THE DEFENDANT:  Thank you.
21           THE COURT:  Before the Court is the Government's
22   motion to terminate *pro se* representation, ECF 36.
23           I intend to grant that motion for the following
24   reasons:  Mr. Dennison was arrested last year in connection
25   with his alleged conduct at the Capitol on January 6th,

1    2021.
2            For most of this case, Mr. Dennison has
3    represented himself with standby counsel.  Last June,
4    Mr. Dennison's case was called for trial, but he never
5    appeared.  So the Court issued a bench warrant for his
6    arrest, which sparked a ten-month effort to apprehend him.
7            Mr. Dennison was arrested again this April, and
8    his case has been recalendared for trial in August.  Citing
9    the Defendant's history of obstructing proceedings, the
10   Government now moves to terminate his representation.
11           As a general rule, a criminal defendant has a
12   right under the Sixth Amendment to conduct his own defense.
13   I'm looking to *United States versus Williamson*, 2014 Westlaw
14   12695379, at *5 from this Court on October 16th, 2014.
15           But this right comes with an important caveat;
16   namely, a trial judge may terminate a Defendant's
17   self-representation if the Defendant deliberately engages in
18   serious and obstructionist misconduct.  I'm looking to that
19   same page, which is quoting *Faretta versus California*, 422
20   U.S. 806, Page 834 from Note 46 from 1975.
21           As the Supreme Court previously put it, quote,
22   "The right to self-representation is not a license to abuse
23   the dignity of the courtroom," closed quote, from *Faretta*,
24   again, Note 46.  Nor is it a license not to comply with the
25   relevant rules of procedural and substantive law, from that

1   same footnote.

2   So in this circuit, quote, "A *pro se* defendant may
3   waive the right to represent himself if he refuses to obey
4   the Court's directions or if he persists in raising
5   irrelevant matters, in which case the Court may appoint
6   counsel to take over the representation."  And that's again
7   from *Williamson*, *5, Note 8, which looks to *United States*
8   *versus Dougherty*, 473 F.2d 1113, Pages 1125 and 26, from the
9   D.C. Circuit in 172.

10   I find that Mr. Dennison has repeatedly engaged in
11   serious and obstructionist misconduct and repeatedly raised
12   irrelevant matters, which warrants the termination of his
13   ability to represent himself.

14   Most notably, of course, the Defendant failed to
15   appear for his own trial and fled capture for nearly a year.

16   When he has appeared, his participation has
17   largely been limited to extreme obstructionist behavior.
18   During his initial arraignment last February, Mr. Dennison
19   refused to leave the audience section of the courtroom and
20   approach counsel table so that we could proceed with the
21   arraignment; and he didn't cooperate with the arraignment
22   proceedings.  His behavior was so obstructive and disruptive
23   that the Court ordered him removed from the courtroom.  I'm
24   looking to ECF No. 33, the transcript, Page 4, Lines 15 to
25   25, from February 17th, 2023.

1               Again, a few months ago, the Court ordered him
2    removed during his rearraignment on the superseding
3    information in May.  I'm looking to the minute order from
4    May 23rd, 2024.
5               His comments on the record have been perplexing,
6    uncooperative and belligerent.  At his initial arraignment,
7    he refused to plead guilty, saying, quote, "I am a child of
8    God.  I do not consent.  I am a beneficiary of the trust."
9    I'm looking to the transcript at Page 4, Lines 15 to 23, ECF
10   No. 33.
11              He said similar things during his last appearance.
12              Today, he said that he's a third-party intervenor,
13   that he's not the Defendant and that he does not understand
14   what's going on.
15              His filings are incomprehensible.  Examples
16   include, quote, "The United States is a legal fiction
17   bringing an action against a living man.  The living man,
18   victor-sean of the house and lineage of dennison, bears
19   witness that he is not a legal fiction, but is of flesh and
20   blood.  Only a living man or woman can bring an accusation
21   or a claim against another living man or woman," closed
22   quote, ECF No. 29 at Page 8.
23              Again, "No lawful contract meeting the eight
24   elements has been brought forth.  Victor-sean of the house
25   and lineage of dennison has presented ample evidence of his

1  standing and testifies to the fact he does not consent to
2  being the surety for the legal fiction Sean Dennison," ECF
3  No. 29, Page 9.
4          Again, "Let it be known that I, victor-sean of
5  dennison, the living, breathing man created by the most high
6  God, beneficiary, trust protector, am not to be confused
7  with the legal fiction known as victor-sean dennison trust,"
8  ECF No. 24, Page 3.
9          Again, "I need to ask you, how can Judge McFadden
10 lawfully issue forth a bench warrant after the Court has
11 already received, obtained and has custody of the
12 surrendered legal person?  And wouldn't any actions against
13 the trust be a war crime?  Are you trying to compel the
14 beneficiary to put his life in danger?"  From ECF 23,
15 Page 1.
16         Mr. Dennison has routinely sought to make other
17 filings that are similarly incomprehensible and irrelevant
18 to the case and are consistent with sovereign citizen
19 activities.  I'm looking to ECF Nos. 37, 38 and 39.
20         In sum, Mr. Dennison's obstructionist conduct and
21 sovereign citizen theories make it impossible to conduct an
22 orderly trial with him representing himself.
23         I think I'm just -- we've seen today Mr. Dennison
24 has not been loud or disruptive, but he is saying he does
25 not understand what's going on.  He does not engage with the

1    pretty straightforward legal question of whether he is
2    willing to and can represent himself and says that he sees
3    this as a private matter that should be decided in private.
4             For all these reasons, the Court will --
5             THE DEFENDANT:  I'd just like to interject.
6             THE COURT:  Sorry, sir.
7             THE DEFENDANT:  It's self-evident that I can
8    represent myself.
9             THE COURT:  Mr. Dennison, I'm talking now.
10            The Court will terminate Mr. Dennison's ability to
11   represent himself and will appoint Ms. Akpan to represent
12   him at trial.  This course of action accords with the weight
13   of circuit law.  For example, in *United States versus*
14   *Mosley*, the Eighth Circuit affirmed the termination of
15   self-representation where the Defendant relied on sovereign
16   citizen rhetoric and engaged in obstreperous conduct.  I'm
17   looking to 607 F.3d 555, Page 559, from 2020.
18            In *United States versus Brock*, the Seventh Circuit
19   similarly affirmed the termination of self-representation
20   rights where the Defendant's conduct, quote, "made it
21   practically impossible to proceed," closed quote, from 159
22   F.3d 1077, at Page 1080, from 1998.
23            And in *United States versus Hausa*, the Second
24   Circuit reached the same conclusion where the Defendant
25   hummed and screamed and rambled incoherently, 922 F.3d 129,

1   Page 136, from 2019.
2              I want to make clear that I am not terminating
3   Mr. Dennison's rights simply because of his sovereign
4   citizen ideology.  People who invoke this ideology have the
5   same right as anyone else to represent themselves.  I'm
6   looking to *Faretta*, Page 835.
7              The problem here is that Mr. Dennison has
8   repeatedly obstructed this proceeding by failing to appear,
9   engaging in disruptive conduct when he has appeared in court
10  and filed paperwork that is entirely irrelevant to the
11  proceeding.
12             For these reasons, I'm granting the Government's
13  motion to terminate Mr. Dennison's *pro se* representation.
14             I certainly will say, Mr. Dennison, to the extent
15  you want to resolve this, Ms. Akpan is a very experienced
16  lawyer who works regularly in this court and with the
17  Government and can certainly help you reach a resolution if
18  you want.  And of course, it is entirely your decision
19  whether or not to plead guilty or to go to trial.  But we've
20  got a trial date set.  We've got intermediate filing
21  deadlines.
22             Mr. Ballou, anything else we should be discussing
23  today?
24             MR. BALLOU:  Nothing, your Honor.
25             THE COURT:  Ms. Akpan?

1       THE DEFENDANT:  I just want to say, I would be
2  appealing that decision.
3       THE COURT:  That's fine, sir.
4       THE DEFENDANT:  And I guess she'll assist me in
5  that.
6       I have a notice of revocation of assumed POA.  She
7  says you guys forced her to be here.  I don't understand
8  that.
9       THE COURT:  I did require her to be here.
10      THE DEFENDANT:  Yeah.
11      THE COURT:  Ms. Akpan --
12      THE DEFENDANT:  Can you show me the signature
13 where I agreed to that?
14      THE COURT:  Sir, you're demonstrating what I just
15 described as obstructionist.
16      THE DEFENDANT:  That's fine.  I have rights,
17 though.  I don't understand how it is that I can be forced
18 to have an attorney -- she says she's not an attorney, but
19 she works for an attorney's office -- when I have
20 documentation where I've expressed that I represent myself.
21 I have full regis [sic] and all rights of self.  Therefore,
22 I --
23      THE COURT:  You are not helping yourself with your
24 appeal, sir.
25      THE DEFENDANT:  I've rebutted all 12 presumptions

```
 1   of court.  They do stand as truth in law.  They have not
 2   been rebutted.
 3              THE COURT:  Sir, please let Ms. Akpan --
 4              THE DEFENDANT:  I just don't understand how you
 5   guys can --
 6              THE COURT:  I'm going to direct you to be quiet or
 7   I'm going to ask for you to be removed.
 8              THE DEFENDANT:  Okay.  I have filed a motion to
 9   release --
10              THE COURT:  Marshals, please remove Mr. Dennison.
11              THE DEFENDANT:  Because I said subrogee?
12              I think this is obstruction of justice.
13              (Thereupon, the Defendant retired from the
14   courtroom and the following proceedings were had:)
15              THE COURT:  Ms. Akpan.
16              MS. AKPAN:  Thank you, your Honor.
17              Just for the record, I did address this one matter
18   with the Government.
19              I was going to ask the Court if we could start the
20   trial date on the 27th.  I have a conflict on the 26th.  I
21   understand the Government is expecting a three-day trial.
22   And I did discuss that issue with Mr. Dennison, and he
23   didn't have an issue with that as well.
24              We expected the case would resolve that week.  I
25   understand that the Government --
```

1           THE COURT:  You're looking to postpone?
2           MS. AKPAN:  Just one day, your Honor.
3           THE COURT:  You're okay with that?
4           MR. BALLOU:  No objection.
5           THE COURT:  I will grant that motion to continue.
6    We'll start at 9:00 on Tuesday, August 27th.
7           Anything further, Ms. Akpan?
8           MS. AKPAN:  No, your Honor.  Thank you.
9           THE COURT:  Thank you for your help.
10          Thanks, folks.  We've got a pretrial conference, I
11   think, before then.  Yes.  On the 22nd.  I'll see you all
12   then.
13          MS. AKPAN:  If it's possible, I know that once the
14   marshals take him down I'm not going to be able to see him.
15   If I could see him in the back.
16          THE COURT:  Yes.  Absolutely.
17          MS. AKPAN:  Thank you.
18          (Proceedings concluded.)

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 10th day of October, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269