```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA

                                     ---

        UNITED STATES OF AMERICA,    )
                                     )
              Plaintiff,             )
        v.                           )   CRIMINAL NO. 23-32
                                     )
        VICTOR SEAN DENNISON,        )   Thursday,
                                     )   August 22, 2024
              Defendant.             )
        _____ )

                        TRANSCRIPT OF PRETRIAL CONFERENCE

                  BEFORE THE HONORABLE TREVOR M. MCFADDEN
                         UNITED STATES DISTRICT JUDGE
                                     ---

        APPEARANCES:         UNITED STATES ATTORNEY'S OFFICE
                             BY:  Brendan Ballou
                                  Elizabeth Nash Eriksen
                             950 Constitution Avenue NW
                             Washington, DC 20530
                             202-431-8493
                             Email: Brendan.ballou-kelley@usdoj.gov

                             For the Government

                             FEDERAL PUBLIC DEFENDER FOR DC
                             BY:  Ubong E. Akpan
                             625 Indiana Avenue, NW, Suite 550
                             Washington, DC 20004
                             (202) 208-7500
                             Email: Ubong_akpan@fd.org

                             For the Defendant

                                     ---

        COURT REPORTER:      CHANDRA R. KEAN, RMR
                             Official Court Reporter
                             333 Constitution Avenue, NW
                             Washington, DC 20001
```

13:44:36

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | **<u>PROCEEDINGS</u>**                                       |
| 14:03:28 | 2  | (Court called to order at 3:03 p.m.)                         |
| 14:03:28 | 3  | DEPUTY COURTROOM CLERK:  Your Honor, this is                 |
| 14:03:29 | 4  | Criminal Case 23-32, United States of America versus         |
| 14:03:34 | 5  | Victor Sean Dennison.                                        |
| 14:03:36 | 6  | Counsel, please come forward to identify yourselves          |
| 14:03:38 | 7  | for the record, starting with the government.                |
| 14:03:41 | 8  | MR. BALLOU:  Good afternoon, Your Honor.                     |
| 14:03:43 | 9  | Brendan Ballou for the United States, joined with trial      |
| 14:03:47 | 10 | attorney Beth Eriksen and paralegal Rachel Marcelin.         |
| 14:03:58 | 11 | THE COURT:  Good afternoon, folks.                           |
| 14:04:02 | 12 | MS. AKPAN:  Good afternoon, Your Honor.  Ubong               |
| 14:04:06 | 13 | Akpan on behalf of Mr. Dennison.                             |
| 14:04:07 | 14 | THE COURT:  Good afternoon, Ms. Akpan.                       |
| 14:04:09 | 15 | Good afternoon, Mr. Dennison.                                |
| 14:04:11 | 16 | All right.  We're here for a pretrial conference.            |
| 14:04:13 | 17 | I think first up, we received an email from Ms. Akpan        |
| 14:04:19 | 18 | suggesting that Mr. Dennison may wish to waive his right     |
| 14:04:22 | 19 | to a jury trial.                                             |
| 14:04:24 | 20 | Is that correct, Ms. Akpan?                                  |
| 14:04:26 | 21 | MS. AKPAN:  Yes, Your Honor.  If I can just                  |
| 14:04:30 | 22 | have a moment to have him sign the form.                     |
| 14:04:33 | 23 | THE COURT:  Sure.                                            |
| 14:06:11 | 24 | (Pause)                                                      |
| 14:06:27 | 25 | MS. AKPAN:  Thank you, Your Honor.                           |

```
14:06:36   1              THE COURT:  All right.  Mr. Dennison, can I ask
14:06:39   2    you to approach the podium, please, sir?
14:06:43   3         So the Court is informed that you desire to waive
14:06:50   4    your right to a jury trial, is that correct?
14:06:53   5              THE DEFENDANT:  Yes.
14:06:54   6              THE COURT:  Before accepting your waiver to a
14:06:56   7    jury trial, there are a number of questions that I will
14:06:58   8    ask to ensure that this is a valid waiver.
14:07:01   9         If you do not understand any of the questions or at
14:07:04  10    any time wish to interrupt the proceedings to consult
14:07:07  11    further with Ms. Akpan, please say so since it's
14:07:11  12    essential to a valid waiver that you understand each
14:07:13  13    question before you answer.
14:07:15  14         Does that make sense, sir?
14:07:16  15              THE DEFENDANT:  Sure.
14:07:17  16              THE COURT:  All right.
14:07:18  17         What is your full name, sir?
14:07:20  18              THE DEFENDANT:  It's Victor Sean Dennison.  Of
14:07:25  19    course, I spell it with title caps.
14:07:29  20              THE COURT:  Okay.  And how old are you?
14:07:31  21              THE DEFENDANT:  Born July 20, 1974.  I'm 50.
14:07:36  22              THE COURT:  And how far did you go in school,
14:07:37  23    sir?
14:07:38  24              THE DEFENDANT:  Some college, extensive
14:07:44  25    training in different areas like music, and acting
```

```
14:07:48   1    afterwards.
14:07:49   2            THE COURT:  Okay.  And fair to say you're able
14:07:51   3    to speak and understand English, sir?
14:07:53   4            THE DEFENDANT:  Yes.
14:07:54   5            THE COURT:  And you just mentioned a little bit
14:07:58   6    about this, but can you tell me a little more about your
14:08:01   7    employment background?
14:08:02   8            THE DEFENDANT:  Professional musician and
14:08:04   9    singer.  I've been doing that for 25 years.  I've also
14:08:13  10    done some acting, commercials and TV series and stuff
14:08:19  11    like that.
14:08:20  12            THE COURT:  Okay.  Have you taken any drugs,
14:08:22  13    medicine or pills, or consumed any alcoholic beverage in
14:08:27  14    the last 24 hours?
14:08:29  15            THE DEFENDANT:  No.
14:08:29  16            THE COURT:  Do you understand that you're
14:08:30  17    entitled to a trial by jury on the charges filed against
14:08:33  18    you?
14:08:34  19            THE DEFENDANT:  Of course.
14:08:35  20            THE COURT:  Do you understand that a jury trial
14:08:36  21    means you would be tried by a jury consisting of 12
14:08:39  22    people and that all of the jurors must agree on the
14:08:42  23    verdict?
14:08:42  24            THE DEFENDANT:  Yes.
14:08:43  25            THE COURT:  Do you understand that you have the
```

| | | |
|--|--|--|
| 14:08:44 | 1 | right to participate in the selection of the jury? |
| 14:08:47 | 2 | THE DEFENDANT: Of course. |
| 14:08:47 | 3 | THE COURT: Do you understand that if I approve |
| 14:08:51 | 4 | your waiver of a jury trial, the Court will try the case |
| 14:08:53 | 5 | and determine your innocence or guilt? |
| 14:08:55 | 6 | THE DEFENDANT: Yes. |
| 14:08:56 | 7 | THE COURT: Have you discussed with your |
| 14:08:57 | 8 | attorney your right to a jury trial? |
| 14:08:59 | 9 | THE DEFENDANT: I have. |
| 14:08:59 | 10 | THE COURT: Have you discussed with her the |
| 14:09:02 | 11 | advantages and disadvantages of a jury trial? |
| 14:09:04 | 12 | THE DEFENDANT: Yes. |
| 14:09:04 | 13 | THE COURT: Do you want to discuss this issue |
| 14:09:07 | 14 | further with her? |
| 14:09:08 | 15 | THE DEFENDANT: No, I'm happy with what I've |
| 14:09:11 | 16 | arrived at. |
| 14:09:13 | 17 | THE COURT: Okay. Ms. Akpan, have you |
| 14:09:14 | 18 | discussed with Mr. Dennison the advantages and |
| 14:09:17 | 19 | disadvantages of a jury trial? |
| 14:09:19 | 20 | MS. AKPAN: Yes, Your Honor. |
| 14:09:19 | 21 | THE COURT: Do you have any doubt that he is |
| 14:09:21 | 22 | making a knowing and voluntary waiver of the right to a |
| 14:09:24 | 23 | jury trial? |
| 14:09:25 | 24 | MS. AKPAN: No doubt on that, Your Honor. |
| 14:09:26 | 25 | THE COURT: Has anything come to your attention |

| | | |
|---|---|---|
| 14:09:28 | 1 | suggesting that he may not be competent to waive a jury |
| 14:09:31 | 2 | trial? |
| 14:09:31 | 3 |         MS. AKPAN:  No, Your Honor. |
| 14:09:32 | 4 |         THE COURT:  Mr. Ballou, has anything come to |
| 14:09:34 | 5 | your attention suggesting that Mr. Dennison may not be |
| 14:09:37 | 6 | competent to waive a jury trial? |
| 14:09:39 | 7 |         MR. BALLOU:  No, Your Honor. |
| 14:09:39 | 8 |         THE COURT:  And am I correct that the |
| 14:09:41 | 9 | government is consenting to this waiver? |
| 14:09:43 | 10 |         MR. BALLOU:  We do, Your Honor. |
| 14:09:44 | 11 |         THE COURT:  All right.  And, sir, is this in |
| 14:09:48 | 12 | fact your signature on this waiver of trial by jury |
| 14:09:52 | 13 | form? |
| 14:09:54 | 14 |     I know there's a couple signatures. |
| 14:09:55 | 15 |         THE DEFENDANT:  Yeah, my -- my eyesight slipped |
| 14:09:59 | 16 | about the last year and a half, but, yes, I can see it, |
| 14:10:02 | 17 | yes. |
| 14:10:02 | 18 |         THE COURT:  Okay.  And the Court finds that the |
| 14:10:06 | 19 | defendant has knowingly and voluntarily waived his right |
| 14:10:09 | 20 | to a jury trial, and I'll approve that waiver. |
| 14:10:15 | 21 |     All right.  You may have a seat, sir. |
| 14:10:17 | 22 |         THE DEFENDANT:  Thank you. |
| 14:10:18 | 23 |         THE COURT:  So with that, I think that |
| 14:10:20 | 24 | substantially streamlines what we need to do today.  I |
| 14:10:26 | 25 | don't think we need to go through the voir dire |

| | | |
|---|---|---|
| 14:10:29 | 1 | questions.  It looks to me like the parties largely |
| 14:10:33 | 2 | agree on the elements of the offenses, which is the one |
| 14:10:38 | 3 | thing I would want to land on, but I think we can |
| 14:10:42 | 4 | probably do that over the course of the trial and not |
| 14:10:46 | 5 | necessarily today. |
| 14:10:48 | 6 | Ms. Akpan filed a few motions to dismiss today, |
| 14:10:52 | 7 | which are late, but I know she's just recently joined |
| 14:10:55 | 8 | the case, so I'm not inclined to deny them on that |
| 14:11:00 | 9 | basis. |
| 14:11:01 | 10 | Mr. Ballou, can the Court -- or can the government |
| 14:11:03 | 11 | provide responses by noon on Monday? |
| 14:11:11 | 12 | MR. BALLOU:  We can, if necessary, Your Honor. |
| 14:11:16 | 13 | Ms. Akpan has been part of this case for over a |
| 14:11:19 | 14 | year now as standby counsel, and the motions here were |
| 14:11:23 | 15 | due back in July.  So I think truthfully, this is going |
| 14:11:26 | 16 | to be a pretty big distraction for preparing for trial |
| 14:11:29 | 17 | over the course of the weekend, so we believe the motion |
| 14:11:32 | 18 | should be denied as untimely.  But obviously, if you |
| 14:11:34 | 19 | believe that they're worthy of a response, we certainly |
| 14:11:37 | 20 | will. |
| 14:11:37 | 21 | THE COURT:  All right.  So I think at least one |
| 14:11:39 | 22 | of them is foreclosed by Circuit precedent so I don't |
| 14:11:42 | 23 | know that you'll have to spend a lot of time on that. |
| 14:11:45 | 24 | My guess is that you will have -- that these are |
| 14:11:48 | 25 | motions that have been filed substantially in similar |

| | | |
|---|---|---|
| 14:11:54 | 1 | cases so I don't know that I necessarily need a lot of |
| 14:11:57 | 2 | work, but as I said, I'm not sure that it really makes |
| 14:12:01 | 3 | sense to deny them on the basis of untimeliness. |
| 14:12:05 | 4 | MR. BALLOU: Understood. |
| 14:12:06 | 5 | THE COURT: So if you want to be heard on them, |
| 14:12:08 | 6 | I'm happy to do that. I'm not looking for lengthy |
| 14:12:11 | 7 | responses, but I would intend to deal with them on the |
| 14:12:16 | 8 | merits. |
| 14:12:17 | 9 | MR. BALLOU: Understood. |
| 14:12:18 | 10 | THE COURT: All right. So I think I'll plan to |
| 14:12:21 | 11 | rule on those first thing on Tuesday, although why don't |
| 14:12:26 | 12 | we push the trial back to 10:00 a.m. now that we're not |
| 14:12:32 | 13 | going to be picking a jury. |
| 14:12:35 | 14 | And Mr. Ballou, you can, I think, probably |
| 14:12:38 | 15 | streamline the case, you know -- I just did another |
| 14:12:44 | 16 | bench trial this last week, a January 6th case, so I |
| 14:12:47 | 17 | would expect this case -- typically, these trials last |
| 14:12:50 | 18 | one to one and a half days, especially for misdemeanors |
| 14:12:55 | 19 | only. So I think you should be streamlining your case |
| 14:12:58 | 20 | accordingly. |
| 14:13:01 | 21 | MR. BALLOU: I understand, Your Honor. We have |
| 14:13:04 | 22 | a few questions that I think may help further streamline |
| 14:13:07 | 23 | the case. |
| | 24 | THE COURT: Great. |
| 14:13:10 | 25 | MR. BALLOU: Do you have a minute? |

| | | |
|---|---|---|
| 14:13:13 | 1 | So, Your Honor, our hope is to be able to do our |
| 14:13:17 | 2 | case in three witnesses, and we might be able to even |
| 14:13:20 | 3 | get it down to two, depending on what defense counsel is |
| 14:13:23 | 4 | able to stipulate to.  I understand that there may be |
| 14:13:25 | 5 | some limitations there. |
| 14:13:26 | 6 | I'm assuming now that it's a bench trial you would |
| 14:13:29 | 7 | like a trial brief? |
| 14:13:31 | 8 | THE COURT:  That would be helpful.  Again, I |
| 14:13:34 | 9 | don't -- I think it can be pretty concise, but, yeah, |
| 14:13:39 | 10 | I'm -- would certainly appreciate a trial brief. |
| 14:13:46 | 11 | MR. BALLOU:  Understood.  And similarly, would |
| 14:13:48 | 12 | you like an opening statement or not? |
| 14:13:50 | 13 | THE COURT:  In terms of an opening statement, I |
| 14:13:51 | 14 | think you can tell me who you're going to be presenting |
| 14:13:54 | 15 | and very quickly what they're going to say. |
| 14:13:57 | 16 | MR. BALLOU:  Understood.  Thank you. |
| 14:13:59 | 17 | I think we can kind of get ahead of a couple |
| 14:14:02 | 18 | evidentiary issues right now so that we don't have to |
| 14:14:04 | 19 | delay with objections. |
| 14:14:07 | 20 | One of the pieces of evidence here is going to be |
| 14:14:09 | 21 | Mr. Dennison's Facebook account, which we plan to |
| 14:14:12 | 22 | introduce with certification from Facebook.  Obviously, |
| 14:14:15 | 23 | we're not asking for a binding decision now, but we |
| 14:14:18 | 24 | wanted to know if you had any concerns about introducing |
| 14:14:20 | 25 | the evidence through a 902(11) certification or if you |

```
14:14:25   1    were expecting something else.
14:14:26   2             THE COURT:  I don't think I'm going to opine on
14:14:28   3    that.
14:14:30   4             MR. BALLOU:  Okay.
14:14:30   5             THE COURT:  But obviously, if you've got -- you
14:14:35   6    can potentially do that through stipulation.  We had a
14:14:39   7    business record certification that was opposed just this
14:14:43   8    last week in a January 6th case, and I nonetheless
14:14:48   9    accepted it.
14:14:49  10             MR. BALLOU:  Understood.  Well, then, similarly
14:14:50  11    you may not want to make a decision on this but another
14:14:54  12    batch of evidence we're going to need is trial
14:14:58  13    transcripts to prove that Mr. Dennison was aware of the
14:15:01  14    June 5, 2023, trial date.
14:15:03  15        We plan to use the transcripts in this court, which
14:15:07  16    have certifications at the end of those trial
14:15:10  17    transcripts.  Again, in your experience, has that been
14:15:13  18    sufficient or are you expecting additional
14:15:15  19    certifications from the clerk of the court or someone
14:15:18  20    else?
14:15:18  21             THE COURT:  Actually, I've had no experience
14:15:20  22    with that.
14:15:22  23             MR. BALLOU:  Understood.  So we'll do our best
14:15:25  24    as a matter of first impression, then.
14:15:30  25        I think the only other thing, at least for now,
```

14:15:32  1   until I talk to my co-counsel here, is judicial notice.
14:15:38  2          So, you know, you're the finder of fact now.  We're
14:15:41  3   in a situation where, depending on which jury
14:15:45  4   instructions or legal instructions you adopt on the
14:15:47  5   failure to appear, there are some fairly technical legal
14:15:51  6   requirements for those.
14:15:52  7          So, for instance, if we adopt -- if you adopt the
14:15:56  8   Ninth Circuit jury instructions, there's a requirement
14:16:00  9   that to prove that Mr. Dennison was released pursuant to
14:16:04 10   the Bail Reform Act.  Or if you adopt the 11th Circuit
14:16:08 11   instructions, there's a requirement to show that the
14:16:11 12   1752 charge had a maximum sentence of up to a year.
14:16:15 13          These are purely legal matters.  We can, of course,
14:16:18 14   introduce evidence through our case agent on them, but
14:16:22 15   to the extent you are willing to take judicial notice of
14:16:25 16   those, I think it might speed up the process somewhat.
14:16:28 17                THE COURT:  And so -- take judicial notice on
14:16:30 18   what?
14:16:31 19                MR. BALLOU:  So, for instance, if you take the
14:16:35 20   government's proposed legal instructions, I believe the
14:16:37 21   second element of the failure to appear charge is that
14:16:41 22   Mr. Dennison's, at least one of his charges, carried a
14:16:46 23   maximum sentence of up to one year.  That's a pure
14:16:50 24   statutory question.
14:16:51 25                THE COURT:  Yes, I agree.

```
14:16:52   1              MR. BALLOU:  Okay.  If you're willing to take
14:16:54   2   judicial notice of those, we can save you from having to
14:16:57   3   see us introduce an exhibit that is the text of the
14:17:00   4   statute and so forth.
14:17:00   5              THE COURT:  Yes, I think I can safely take
14:17:02   6   judicial notice of a statute.
14:17:07   7              MR. BALLOU:  Great.  Thank you.
14:17:09   8       Unless you have anything else, I think we have our
14:17:12   9   work cut out for us.
14:17:13  10              THE COURT:  Okay.  So is the Bail Reform Act,
14:17:20  11   is that the only -- I mean, as I said, I typically
14:17:23  12   figure out the jury instructions, and we kind of land on
14:17:27  13   those sometime prior to closing arguments but not
14:17:32  14   necessarily at the outset, as Ms. Akpan knows from past
14:17:36  15   cases with me.  And in these cases, I don't know that it
14:17:41  16   typically makes much difference in the presentation of
14:17:43  17   the evidence.
14:17:44  18       If there's something where that really matters and
14:17:48  19   it would be useful to the parties to know one way or the
14:17:52  20   other ahead of them, we can accelerate that.
14:17:55  21              MR. BALLOU:  Your Honor, to my knowledge, the
14:17:56  22   only thing that we would seek judicial notice on would
14:17:59  23   be those elements for the failure to appear, so nothing
14:18:02  24   for the other charges.
14:18:03  25              THE COURT:  Okay.  Ms. Akpan, anything that we
```

```
14:18:05   1    should be discussing today, ma'am?
14:18:07   2            MS. AKPAN:  Can I just have one moment, Your
           3    Honor?
14:18:12   4        (Counsel conferring with defendant)
14:19:29   5            MS. AKPAN:  I have nothing to add, Your Honor.
14:19:30   6            THE COURT:  Okay.  So I plan to see you all at
14:19:33   7    10:00 a.m. on Tuesday.
14:19:34   8        One thing that occurs to me, Ms. Akpan, in
14:19:39   9    almost -- most of these cases that I've seen so far, in
14:19:42  10    January 6th cases, these are not whodunits.  There's
14:19:46  11    rarely kind of a question of who the defendant is.
14:19:48  12        Obviously, if there is a question that's
14:19:56  13    completely -- I'm very happy to hear the government's
14:19:59  14    evidence on that, but if -- you and your client can chat
14:20:02  15    with the government.  If you agree that he is who the
14:20:06  16    government says he is, I think that can often streamline
14:20:11  17    these -- the presentation of the evidence.
14:20:14  18            MS. AKPAN:  Thank you, Your Honor.
14:20:14  19            THE COURT:  All right.  Thanks, folks.
14:20:16  20        I'll see you Tuesday morning.
14:20:25  21        (Proceedings concluded at 2:20 p.m.)
          22                           - - -
          23
          24
          25
```

CERTIFICATE

I, Chandra Kean, RMR, certify that the foregoing is a correct transcription from the record of proceedings in the above-titled matter.

_____   October 20, 2024
Chandra Kean, RMR              DATE