```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * *   )
UNITED STATES OF AMERICA,       )    Criminal Action
                                )       No. 23-00032
            Plaintiff,          )
                                )
   vs.                          )
                                )
VICTOR SEAN DENNISON,           )    Washington, D.C.
                                )    May 15, 2024
            Defendant.          )    12:35 p.m.
                                )
* * * * * * * * * * * * * * *   )


              TRANSCRIPT OF STATUS HEARING
       BEFORE THE HONORABLE MOXILA A. UPADHYAYA
              UNITED STATES DISTRICT JUDGE
         (TRANSCRIBED FROM THE FTR-GOLD RECORDING)
```

APPEARANCES:

FOR THE GOVERNMENT:        BRENDAN BALLOU, ESQ.
                           ELIZABETH ERIKSEN, ESQ.
                           UNITED STATES ATTORNEY'S OFFICE
                             FOR THE DISTRICT OF COLUMBIA
                           601 D Street, Northwest
                           Washington, D.C. 20530

FOR THE DEFENDANT:         DIANE SHREWSBURY, ESQ.
(*as Standby Counsel*)     OFFICE OF THE FEDERAL PUBLIC
                             DEFENDER
                           625 Indiana Avenue, Northwest
                           Suite 550
                           Washington, D.C. 20004

FOR PRETRIAL SERVICES:     CHRISTOPHER TYNES

```
 1    REPORTED BY:            LISA EDWARDS, RDR, CRR
                              Official Court Reporter
 2                            United States District Court for the
                                District of Columbia
 3                            333 Constitution Avenue, Northwest
                              Room 6706
 4                            Washington, D.C. 20001
                              (202) 354-3269
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      THE COURTROOM DEPUTY:  Good afternoon, your Honor.
2  This is Criminal Case No. 23-32, the United States of
3  America versus Victor Sean Dennison.
4      The Defendant is present in the courtroom.
5      This matter is set for a return on --
6      THE DEFENDANT:  Objection.
7      THE COURTROOM DEPUTY:  -- a bench warrant.
8      Parties, please introduce yourselves for the
9  record, starting with the Government.
10     THE DEFENDANT:  I have to say something.  I have a
11 writ of discovery --
12     THE COURT:  Sir, I'll -- just a moment.  Let me --
13     THE DEFENDANT:  No.  She just said something
14 that's a material --
15     THE COURT:  Let me -- sir, let everyone introduce
16 themselves and then I'll get to you.  Okay?
17     All right.
18     MR. BALLOU:  Good morning, your Honor.  Brendan
19 Ballou for the United States, joined by Attorney Elizabeth
20 Eriksen.
21     THE COURT:  Good afternoon.
22     MS. SHREWSBURY:  Good morning, your Honor.  Diane
23 Shrewsbury, standing in for Ubong Akpan, who is standby
24 counsel for Mr. --
25     THE COURT:  Good afternoon, Ms. Shrewsbury.

1          THE DEFENDANT: [Indiscernible] speak for me.
2          THE PRETRIAL SERVICES OFFICER: Good morning -- or
3  good afternoon. Christopher Tynes, Pretrial Services
4  Agency.
5          THE COURT: Good afternoon.
6          All right. Good afternoon, Mr. Dennison. We're
7  here --
8          THE DEFENDANT: I'm sorry for -- if there's -- it
9  seems to be some kind of outburst, but I -- you know, it's
10 just -- it's just -- it blows my mind that I'm brought in
11 here and I'm lied about continually. And all I do is try to
12 correct the record, yet people continually lie. And I don't
13 understand it. But why is that, Judge?
14         THE COURT: I'm not --
15         THE DEFENDANT: I'm here to deliver something
16 that's very important. It's a writ of discovery and notice
17 of subrogation. Okay? This is written for the Honorable
18 Judge G. Michael Harvey, the chief judge, regarding Case
19 Account No. 1:23-MJ-0011-GMH, warrant citation No.
20 1:23-CR-00032-TNM.
21         This -- the following certified, verified and
22 official copies of --
23         THE COURT: Sir, hold on. Let me --
24         THE DEFENDANT: -- all related documents --
25         THE COURT: Sir --

1                THE DEFENDANT:  -- and contracts, especially --
2                THE COURT:  Sir --
3                THE DEFENDANT:  -- the charging instruments --
4                THE COURT:  Sir --
5                THE DEFENDANT:  Listen, I need you to just hear me
6     out.
7                THE COURT:  I need you --
8                THE DEFENDANT:  It's only two pages.
9                THE COURT:  I need you to listen.
10               THE DEFENDANT:  [Indiscernible.]  I'm done.
11               THE COURT:  I need you to listen.
12               THE DEFENDANT:  You need me to listen?
13               THE COURT:  And then I will let you address the
14    Court.
15               THE DEFENDANT:  Okay.
16               THE COURT:  Okay?  We're here --
17               THE DEFENDANT:  I'm trying --
18               THE COURT:  I understand.  But it's not time yet
19    to do -- to read whatever you're trying to read into the
20    record.
21               It then --
22               THE DEFENDANT:  Well, the thing is, it's very
23    important that you understand that I'm terminating the
24    doctrine of ensigns --
25               THE COURT:  That's fine, sir --

```
1              THE DEFENDANT:  -- in a good-faith attempt to
2    resolve this matter.  I'm being -- I'm being named as a
3    Defendant when I'm in fact not the Defendant.  You're --
4    you've got the Defendant named as an all-caps version of my
5    name, which is not my name.  And you know that.
6              THE COURT:  Sir, I don't know anything.  All
7    right?  I'm trying to conduct this hearing.
8              Now, you can -- you have two options.  All right?
9    You can either listen to what I have to say and we can
10   conduct this hearing in due order and I will let you address
11   the Court if you have something to put into the record.  I'm
12   not going to have this hearing hijacked.  All right?
13             THE DEFENDANT:  Hijacked?
14             THE COURT:  Those are your options.
15             THE DEFENDANT:  Hijacked?
16             THE COURT:  Are you not --
17             THE DEFENDANT:  Hijacked, your Honor?
18             THE COURT:  Commandeered.  Commandeered.  All
19   right?
20             THE DEFENDANT:  Commandeered.  Really?  Because
21   she just said something --
22             THE COURT:  All right.  Do you --
23             THE DEFENDANT:  She said my name and it's not my
24   name.  Okay?
25             THE COURT:  Okay.
```

```
 1                THE DEFENDANT:  Is the charging documents under an
 2     all-caps version of my name, Victor Sean Dennison?  That is
 3     not my name.
 4                THE COURT:  Let me ask you, Mr. -- okay.  Thank
 5     you.
 6                Mr. Ballou --
 7                THE DEFENDANT:  I need you to spell the name
 8     properly on the documents --
 9                THE COURT:  Okay.  Just --
10                THE DEFENDANT:  -- or we need to charge --
11                THE COURT:  Just spell -- go ahead and spell into
12     the record the name that you go by.
13                THE DEFENDANT:  Yeah.  Title caps.  All caps is
14     not my name.
15                THE COURT:  Okay.
16                THE DEFENDANT:  It's in title caps.
17                THE COURT:  Okay.  I'll note that for the record.
18                THE DEFENDANT:  Thank you.
19                THE COURT:  All right.  Mr. Ballou, my
20     understanding --
21                THE DEFENDANT:  I'm the subrogee of the all-caps
22     name, the principal.  I'm the subrogee.
23                THE COURT:  Okay.
24                THE DEFENDANT:  Okay?
25                THE COURT:  Thank you.  I'll note that for the
```

1   record.
2           THE DEFENDANT:  That's all I want to communicate.
3           THE COURT:  Thank you.  Okay.
4           THE DEFENDANT:  And I do want the charging --
5           THE COURT:  Sir --
6           THE DEFENDANT:  -- the charging documents --
7           THE COURT:  Sir, give me just a moment.
8           THE DEFENDANT:  I'll wait.  I'll wait.
9           THE COURT:  Thank you.
10          Mr. Ballou, my understanding is that a bench
11  warrant was issued by Judge McFadden -- is that correct? --
12  in June of 2003?  Yes.  Please approach.  In June of 2023,
13  and that the bench warrant was executed on April 22nd, 2024,
14  in Florida.  Is that correct?
15          MR. BALLOU:  That's correct, your Honor.
16          THE COURT:  Did the Defendant have a removal
17  hearing in Florida or --
18          MR. BALLOU:  I believe so, your Honor.
19          THE COURT:  Okay.  So what is the next -- what is
20  the next date for this case?  So basically, we're just
21  setting a next hearing date before Judge McFadden.
22          MR. BALLOU:  And in fact, I believe a hearing date
23  has already been set.  So for May 23rd at 2:00 p.m., if I'm
24  correct.
25          THE COURTROOM DEPUTY:  Yes.  That's correct.

1          MR. BALLOU:  So actually, the only thing that I
2   think we agreed to accomplish at this hearing is just to
3   toll the Speedy Trial Act until then and to ensure that
4   Mr. Dennison remains detained until that next hearing.
5          THE COURT:  Okay.  All right.  Thank you.
6          Has he had a detention hearing in Florida or -- my
7   understanding is based on the paperwork that I've seen from
8   Judge Porcelli in Florida that he wishes to have his
9   detention hearing in this district.
10         MR. BALLOU:  Your Honor, I truthfully am a
11  little -- was a little unsure from the paperwork as well
12  whether that qualified as a detention hearing or not.  I
13  think it may for the sake of completeness be worthwhile to
14  have a detention hearing as well here.
15         THE COURT:  Okay.  Well, we'll set this for a
16  status, I think, is what Judge McFadden has set this for,
17  and then he can proceed from there.
18         But I'll hear from Ms. Shrewsbury, who I believe
19  is standing in.
20         MR. BALLOU:  Thank you.
21         THE COURT:  I don't think this procedure --
22         MS. SHREWSBURY:  I don't have the authority to
23  speak on Mr. Dennison's behalf.
24         THE COURT:  All right.  Mr. Dennison, just to give
25  you some information as to what's going on, a bench warrant

1   was issued for your arrest last June by Judge McFadden,
2   who's the district judge overseeing this case.  I'm not the
3   judge.
4           THE DEFENDANT:  I'm familiar with him.  Yes.
5           THE COURT:  Okay.  So what -- essentially today,
6   it's my obligation to advise you of the fact that the bench
7   warrant has been returned executed, as of course you know.
8   You were arrested in Florida and brought here.  And so the
9   next step in this case is for us to have a status hearing.
10          THE DEFENDANT:  Can I address --
11          THE COURT:  Yes.  Just let me finish.  Let me
12  finish.
13          THE DEFENDANT:  Okay.
14          THE COURT:  We'll have a status hearing that we're
15  going to set before Judge McFadden in your case.
16          I'm not the judge who's going to be overseeing
17  your case.  That's Judge McFadden.  So if you have anything
18  you need to address or put into the record, I would suggest
19  you do that at the initial status hearing.  Okay?
20          But at this time, that's all we need to cover
21  today.
22          THE DEFENDANT:  I would like to alert the Court to
23  some material facts which are missing from the record.  And
24  I would say that it's very pertinent to this matter of my --
25          THE COURT:  This is not --

```
 1                THE DEFENDANT:  -- failure to appear.
 2                THE COURT:  That's fine.  This is not -- so it's
 3     not -- again, this isn't a substantive hearing.  You can
 4     address all of that with Judge McFadden, who issued the
 5     bench warrant, at the next hearing.  So the next hearing is
 6     going to be May 23rd, 2024, at 2:00 p.m.
 7                MR. BALLOU:  Your Honor, to try to take some of
 8     the energy off of you, perhaps, we can represent to
 9     Mr. Dennison he has made a number of filings that have been
10     filed on ECF laying out some of these concerns.
11                Perhaps if he wants to share those documents with
12     the Government, we can review them and save you from having
13     to hear them verbally right now.
14                THE COURT:  Yes.  I mean, really what needs to
15     happen is, I do see that there was a letter, Mr. Dennison,
16     that you wanted the judge to file.  He did accept that for
17     filing.
18                THE DEFENDANT:  Which one was that?
19                THE COURT:  There's a letter on April 8th that you
20     submitted to the Court.  And it has been -- leave to file
21     has been granted and Judge McFadden does have that on the
22     record.
23                THE DEFENDANT:  Very good.  Thank you.  That was
24     the common-law court dismissal on the merits of this matter.
25                THE COURT:  So --
```

1        THE DEFENDANT:  And from the Florida Republic,
2   Justice of the Peace Luke -- excuse me -- let me get his
3   full name here.  One second.  Yeah.  Luke Brandon Scott.
4   Thank you.
5        THE COURT:  Okay.
6        THE DEFENDANT:  And I neglected to send that to
7   the judge until then because I wasn't aware there was a
8   bench warrant.  I don't know -- I made a mistake on trying
9   to figure -- I couldn't figure out how to find out there was
10  a bench warrant.  And I eventually did figure it out after
11  my arrest.  I had to pull the case file record, which I had
12  my mom do, and there it was.  Right?  And I was like, Okay.
13  Well, had I known that, I would have sent this sooner.
14       THE COURT:  Okay.
15       THE DEFENDANT:  Anyways, it was my mistake.
16       THE COURT:  It's been filed.  So --
17       THE DEFENDANT:  Judge McFadden did say he was open
18  to me convening a court of my peers in Florida, which I did.
19  Okay?  And maybe it's the first time that's been done in 50
20  years.  But it was done.  And it also led to the acquittal
21  of James Beeks in *United States versus James Beeks*.
22       THE COURT:  So I would suggest you cover all this
23  when you -- you're going to be seeing Judge McFadden in a
24  few days.  So I --
25       THE DEFENDANT:  Sure.

1          THE COURT: And you're not waiving any of your
2    rights by not addressing them with me, because I'm the
3    magistrate judge. Again, I'm just advising you that that's
4    why you're here and setting the next date in your case.
5          THE DEFENDANT: Sure.
6          I would like to just enter this -- I would like to
7    read this, which is a partial of really a more complete
8    version that's en route to the Court.
9          THE COURT: How long is the document, sir?
10         THE DEFENDANT: It's a page and a half.
11         THE COURT: Go ahead and read it into the record.
12   Then we're going to adjourn. Okay?
13         THE DEFENDANT: All right.
14         THE COURT: All right.
15         THE DEFENDANT: Thank you.
16         Okay. This is a writ of discovery and notice of
17   subrogation.
18         Julian date-24231, brackets May 10, 2024, end
19   brackets.
20         This is to G. Michael Harvey, Honorable Judge,
21   United States District Court for the District of Columbia,
22   333 Constitution Avenue, Northwest, Room 2321, private
23   chambers, Washington, D.C. 20001, regarding case account No.
24   1:23-MJ-0011-GMH: Warrant citation No. 1:23-CR-00032-TNM.
25         The following certified, verified and official

1  copies of all related documents/contracts, especially
2  charging instruments, to Case No. 1:  23-MJ-0011-GMH:
3  Warrant citation No. 1:23-CR-00032-TNM.  Please mail to
4  subrogee Victor to address on file.
5              Pursuant to Article III, Section 2, of the United
6  States Constitution, judicial authority, as vested in the
7  Supreme Court or a lower court which has a certified
8  delegation of authority order, for the record, on the record
9  and let the record show forward a copy of the charging
10 instruments in the United States District Court of the
11 District of Columbia certified delegation of authority order
12 confirmed by Congress as a lawful and formal discovery.
13             Let it be noted for the record, on the record and
14 let the record show a response is required seven days from
15 receipt of this letter.
16             Furthermore, I demand, as is my constitutionally
17 secured rights, a copy of the oath to the Constitution
18 binding you to it, oath of ethics and bond number for all
19 state/government officials, employees, judges, prosecutors,
20 agents, clerks and anyone who has touched or is in any way
21 involved with this case per Article VI of the United States
22 republic Constitution.
23             This writ is a surety.  The surety's honorable,
24 good-faith attempt to resolve this matter equitably and
25 without further delay and terminate the doctrine of itum

1    sonens regarding the above case account.
2              Warrant citation numbers previously mentioned for,
3    all caps, Victor Sean Dennison, principal, by:  Victor,
4    lower case, subrogee.
5              Please also respond to my common-law court
6    dismissal on the merits held in the Florida Republic For
7    Justice of the Peace Luke -- by Justice of the Peace Luke
8    Brandon Scott and witnessed by 12, the same one which led to
9    the acquittal of James Beeks in *United States versus James*
10   *Beeks*.
11             It was sent next-day air to you by my mother,
12   Wendy Kern, directly after my arrest.
13             Thank you, Court, for acknowledging receipt of
14   that letter.  And thank you for your time in letting me read
15   this partial letter which will -- there will be a more full
16   version of this that will be delivered to the Court shortly
17   to the same G. Michael Harvey.
18             THE COURT:  All right.  Thank you very much.
19             So the next hearing date will be May 23rd at 2:00
20   p.m. --
21             THE DEFENDANT:  Sorry.  I had one more --
22             THE COURT:  -- before Judge McFadden.
23             THE DEFENDANT:  -- thing, if you don't mind.  I
24   had one more thing because it was confusing to me, if maybe
25   you could clarify.

1          THE COURT:  Sir, you can address it with Judge
2  McFadden.  As I mentioned, we're going to adjourn the
3  hearing.
4          THE DEFENDANT:  The only charge that I had in my
5  criminal -- alleged criminal record was an entering or
6  remaining in a restricted building or grounds.  And it was
7  vacated in -- in February 2023.
8          I'm very confused by that.
9          THE COURT:  You're going to need to take it up
10 with Judge McFadden.  Okay?  We're going to adjourn the
11 hearing now.
12         Everyone's excused.  Thank you, marshals.
13         Thank you, Mr. Dennison.
14         Thank you, Ms. Shrewsbury.
15         THE DEFENDANT:  I was also --
16         THE COURT:  I'm staying on the bench.  Thank you.
17 You're all excused.
18         (Audio recording concluded.)

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 22nd day of October, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269